UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA                  :        **ORDER**

        - v. -                                           :        S6 15 Cr. 867 (RMB)

TÜRKİYE HALK BANKASI A.S.,                :
    a/k/a "Halkbank,"

                                                              :

                            Defendant.

                                                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

       WHEREAS a federal grand jury sitting in the Southern District of New York returned a superseding indictment against TÜRKİYE HALK BANKASI A.S., a/k/a "Halkbank" (referred to herein as "Halkbank"), which was filed on October 15, 2019 (the "Indictment");

       WHEREAS the Court issued a summons to Halkbank to appear before the Court for an arraignment on October 22, 2019, at 9:15 a.m. (the "First Summons");

       WHEREAS the law firm of King & Spalding LLP ("King & Spalding") submitted a letter to the Court dated October 18, 2019, in which King & Spalding indicated that it had received the summons on October 16, 2019, and wrote that "[a]lthough King & Spalding has represented Halkbank in connection with the Department of Justice's prior investigation regarding Halkbank, at no point has King & Spalding been authorized to accept service of a summons or other legal process on behalf of Halkbank" and "are not authorized to make an appearance in this case;"

       WHEREAS the Court held a conference in this matter on October 22, 2019 (the "First Conference"), at which Halkbank did not appear, through counsel or otherwise;

       WHEREAS, at the First Conference and in its letter dated October 22, 2019, the Government proffered to the Court, among other things, that:

1. On October 15, 2019, King & Spalding requested that the Department of Justice transmit a copy of the Indictment to King & Spalding, which the Government did that day;

2. On October 16, 2019, the Government sent a copy of the First Summons to King & Spalding and asked King & Spalding to confirm that it would accept service;

3. On October 16, 2019, Halkbank issued an Investor Relations disclosure acknowledging that Halkbank "has been informed that the U.S. Attorney's Office for the Southern District of New York, under the U.S. Department of Justice, has taken the decision to engage in due process to prosecute the Bank based on an indictment," denying the charges, and specifically referencing that Halkbank "retained the prestigious U.S. law firm King & Spalding" in connection with the investigation of those charges.

4. On October 17, 2019, at King & Spalding's request, the Government spoke with attorneys from King & Spalding.   During that call, King & Spalding represented that it was discussing the summons with its client, Halkbank, but was not authorized to accept service or make an appearance on behalf of Halkbank, and that it would seek to adjourn the arraignment. King & Spalding also indicated that it could not state whether Halkbank would stipulate to any particular form of service.

5. According to publicly-reported statements, Halkbank's majority shareholder, the Government of Turkey, has openly acknowledged the filing of the Indictment, including, among others, the following:

a.  On or about October 16, 2019, Turkish President Recep Tayyip Erdogan commented that "It had seemed like this issue was closed," and that "Now, by opening it again, southern New York prosecutors have unfortunately taken an unlawful, ugly step."

b.  On or about October 17, 2019, President Erdogan raised the subject of the Indictment with Vice President Michael Pence during meetings in Turkey.

c.  On or about October 20, 2019, Turkish Foreign Minister Mevlut Cavusoglu commented to the media that nothing would result from the instant case "if the law in the United States works."

WHEREAS the Court finds, based on the foregoing, that, pursuant to Federal Rule of Criminal Procedure 4(c)(3)(D)(ii), which permits service of a summons on an organization not within a judicial district of the United States "by any other means that gives notice," that the Government has properly served the First Summons and the Indictment on Halkbank, and

WHEREAS the Court finds that Halkbank has willfully and knowingly disobeyed the Court's order in the First Summons to appear at the First Conference,

IT IS HEREBY ORDERED that, to afford Halkbank an opportunity to cure its noncompliance with the First Summons, the Court is issuing a second summons (the "Second Summons") with this Order, directing Halkbank to appear for an arraignment in this matter on _____, 2019 at _____ a.m./p.m. (the "Second Conference");

IT IS FURTHER ORDERED that, the Government will serve this Order, the Second Summons, and the Indictment on Halkbank within one day of the issuance of this Order,

by any means specified under Federal Rule of Criminal Procedure 4, including any means that gives notice to the defendant, including, but not limited to:

1. Delivery by mail, parcel service, or other common carrier to Halkbank's principal published business address;

2. Electronic transmission to King & Spalding; or

3. Delivery to any registered agent of Halkbank in the United States.

IT IS FURTHER ORDERED that the Government's execution of any of these forms of service will constitute effective service of the Second Summons and this Order, and that, if Halkbank does not appear pursuant to the Second Summons, the Court will consider any appropriate sanctions for such knowing and willful noncompliance.


SO ORDERED:


_____          _____
HONORABLE RICHARD M. BERMAN               Date
UNITED STATES DISTRICT JUDGE

4