USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/4/19

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036-4003
www.kslaw.com

Andrew C. Hruska
Direct Dial: (212) 556-2278
Direct Fax: (212) 556-2222
ahruska@kslaw.com

**MEMO ENDORSED**
p4

November 4, 2019



RECEIVED
NOV 0 4 2019
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

**VIA HAND DELIVERY**

Honorable Richard M. Berman, U.S.D.J.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

**Re:  United States v. Türkiye Halk Bankasi A.S., a/k/a/ "Halkbank"**
**U.S. District Court for the Southern District of New York**
**S6 15-cr-00867 (RMB)**

Dear Judge Berman:

As the Court is aware, defendant Türkiye Halk Bankasi A.Ş. ("Halkbank" or the "Bank") has not yet responded to the superseding indictment filed on October 15, 2019 by the U.S. Attorney's Office for the Southern District of New York ("USAO") or otherwise made an appearance.  Halkbank has retained us to represent it in the above-referenced matter for a limited purpose, and we do not concede the acceptance of service nor enter a general appearance on behalf of Halkbank by submitting this request.

The Bank has refused to accept service and has not stipulated to service by any means.  Service should be made by the Ministry of Justice and should be received 30 days in advance of an appearance in line with the terms of the mutual legal assistance treaty between Turkey and the U.S.  Nonetheless, counsel for Halkbank respectfully requests leave to enter a limited and special appearance for the purpose of filing a motion to dismiss for lack of personal jurisdiction and a motion seeking this Court's recusal from this case.  Because the decision on the recusal motion would determine which United States district judge will consider the personal jurisdiction motion, we respectfully request that the Court decide the recusal motion first.

It is within this Court's authority and appropriate to permit a special appearance in this case. Courts have broad discretion to allow special appearances. *See, e.g., United States v. Pangang Grp. Co.*, 879 F. Supp. 2d 1052, 1055 (N.D. Cal. 2012), Dkt. No. 46 (permitting defendants to enter a special appearance to move to dismiss the indictment); *United States v. Kolon Industries, Inc., et al.*, 3:12-cr-00137 (E.D. Va. 2012), Dkt. No. 20 (permitting defendant to enter a special appearance to move to dismiss the indictment for lack of personal jurisdiction).

Recusal and jurisdiction constitute key threshold issues that must be examined before any issue on the merits is resolved. "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 267 (2d Cir. 2001) (citing *Steel Co. v. Citizens for a Better Envt*, 523 U.S. 83, 94-95 (1998)). Similarly, a court must promptly address requests for recusal as the purpose of the recusal statute is to avoid "even the appearance of impropriety whenever possible." *Liljeberg v. Health Svcs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). It is "well-settled that a party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *Weisshaus v. Fagan*, 456 F. App'x. 32, 34 (2d Cir. 2012); *see also In re Int'l Bus. Machines Corp.*, 45 F.3d 641, 643 (2d Cir. 1995) ("[I]t is important to present recusal applications promptly.")

Halkbank is a Turkish corporation headquartered in Istanbul with no U.S. offices or physical operations in the United States. The Bank's conduct alleged in the indictment has no connection to the U.S. sufficient to create jurisdiction. As more fully demonstrated in our forthcoming motion to dismiss (should the Court grant leave to file pursuant to a special and limited appearance), the Bank's incidental contacts with the U.S. are insufficient to establish either general or specific personal jurisdiction over the Bank. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773 (2017); *Daimler AG v. Bauman*, 571 U.S. 117 (2014).

As an initial matter, we respectfully request that the Court recuse itself from this case. Recusal is warranted if "a reasonable person, knowing all the facts, would question the judge's impartiality." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) This Court has made statements both in and out of the courtroom that call into question the Court's impartiality

regarding key factual and legal issues relevant to the indictment. Therefore, the Court's continued supervision over this matter would cause an objective observer to have reasonable questions concerning the Court's impartiality.

Where, as here, defendant's attorneys seek leave to resolve threshold issues such as jurisdiction and recusal, leave to enter a special appearance is routinely granted. *See, e.g., United States v. Dotcom*, No. 12-cr-00003 (E.D. Va. Oct. 5, 2012), Dkt. No. 148 (granting foreign defendant leave to enter limited appearance to move to dismiss indictment for lack of personal jurisdiction); *United States v. Tucor Int'l, Inc.*, 35 F. Supp. 2d 1172, 1176 (N.D. Cal. 1998), *aff'd*, 189 F.3d 834 (9th Cir. 1999) (granting defendant's motion for leave to make a special appearance for the limited purpose of filing a motion to dismiss the indictment); *United States v. Noriega*, 683 F. Supp. 1373, 1374 (S.D. Fla. 1988) (granting foreign defendant's motion to make special appearance to contest court's jurisdiction and attack sufficiency of indictment); *see also* Memorandum Regarding Proposed Amendments to FED. R. CRIM. P. 4 from Jonathan J. Wroblewski, Director, Office of Policy and Legislation, U.S. Department of Justice to Judge David M. Lawson, Chair, Subcommittee of Advisory Committee on Criminal Rules at p. 74 (February 20, 2015) ("The purpose of a 'special appearance' is to avoid automatically waiving threshold issues by operation of law").

The instant case also presents several unique circumstances that weigh in favor of granting the defendant an opportunity to challenge the indictment. First, the matter presents an issue of first impression in this Circuit, namely whether this Court has personal jurisdiction in a criminal matter over Halkbank, a foreign entity with no physical operations in the U.S. Second, because this case has been widely publicized and brought in a highly-charged atmosphere between the U.S. and Turkey, it is essential to address reasonable questions regarding the Court's impartiality (and appearance of impartiality) and to demonstrate that U.S. courts are fair and neutral arbiters of fact and law. Precedent allows a special appearance in similarly unusual circumstances. In one similar case, the court granted defendant's request for special appearance and stated:

> The present indictment is surrounded with special circumstances which militate in favor of allowing the defendant to attack its validity. Specifically, this appears to be a case of first impression. Arguments of counsel will be helpful in resolving the

November 4, 2019
Page 4

delicate issues presented. The case is fraught with political overtones. I do not propose to engage in any political inquiries beyond those properly raised by legal argument. However, the best way to avoid the appearance that this indictment has assumed the character of a political proceeding, rather than a legal one, is to determine its legal validity upon the arguments of counsel. In that way, the integrity of our legal system will best be served.[1]

For the foregoing reasons, counsel for Halkbank respectfully requests leave to appear on a limited and special basis to argue on behalf of Halkbank the merits of the proposed submissions without waiving any objections to this Court's jurisdiction. Should the Court grant Halkbank's request for a limited and special appearance, we propose a schedule for the recusal motion consistent with Local Criminal Rule 49.1, with the Government's response to Halkbank's recusal motion due fourteen days after service of motion papers, and Halkbank's reply due seven days after service of opposing papers.

Respectfully,

Andrew C. Hruska
AH3224

cc: Michael Lockard, Esq.
Sidhardha Kamaraju, Esq.
David Denton, Esq.
Jonathan Rebold, Esq.
Kiersten Fletcher
Richard Walker, Esq.
William Johnson, Esq.
Katherine Kirkpatrick, Esq.
(all by electronic mail)

> The AUSA (SDNY) is respectfully requested to respond to the above letter forthwith.
>
> SO ORDERED:
> Date: 11/4/19
> Richard M. Berman, U.S.D.J.

---

[1] *Noriega*, 683 F. Supp. at 1374-5.