# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas, 35th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Andrew C. Hruska
Partner
Direct Dial: +1 212 556 2278
Direct Fax: +1 212 556 2222
ahruska@kslaw.com

November 19, 2019

**VIA HAND DELIVERY**

Honorable Richard M. Berman, U.S.D.J.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    **United States v. Türkiye Halk Bankasi A.S., a/k/a/ "Halkbank"**
            **U.S. District Court for the Southern District of New York**
            **No. 1:15-cr-00867-RMB**

Dear Judge Berman:

    We write to submit additional authorities that support our request to enter a special and limited appearance on behalf of Türkiye Halk Bankasi A.Ş. ("Halkbank" or the "Bank") for the limited purpose of filing a motion to dismiss for lack of personal jurisdiction and a motion seeking this Court's recusal from this case.[1]  As set forth more fully below, the Court must address jurisdiction and recusal as threshold matters.  Courts have routinely permitted special appearances to challenge personal jurisdiction and other threshold matters in criminal cases.  Denial of the special appearance procedure would unfairly subject Halkbank to the risk of waiving the very rights it seeks to have adjudicated.

---

[1] We do not accept service nor enter a general appearance on behalf of Halkbank by submitting this letter.  As noted in our November 4, 2019 letter, the Bank has not yet responded to the superseding indictment filed on October 15, 2019 by the U.S. Attorney's Office for the Southern District of New York or otherwise made an appearance.

I.      **The Court Must Assess Personal Jurisdiction and Recusal as Threshold Matters Before Arraignment**

The Court must have personal jurisdiction over the defendant to hear the defendant's plea to a charge and so personal jurisdiction must come before an arraignment. Because a court cannot proceed against a defendant over which it lacks personal jurisdiction, the Bank's fundamental right to a fair proceeding requires determining jurisdiction as a threshold matter.

Halkbank has a constitutional right under the Fifth Amendment's Due Process Clause to challenge a court's unreasonable exercise of personal jurisdiction. *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 676 (2d Cir. 2013) (finding no personal jurisdiction over foreign bank under Fifth Amendment Due Process Clause where foreign bank had no substantial U.S. operations). This constitutional protection applies with equal force in both civil and criminal cases. *Int'l Harvester Co. of Am. v. Kentucky*, 234 U.S. 579, 589 (1914) (finding Kentucky court could exercise personal jurisdiction over corporate defendant indicted under state law). Personal jurisdiction is a threshold issue, and the District Court has the power to dismiss the case before arraignment. *See Hughes v. Thompson*, 415 U.S. 1301, 1302 (1974); *In re Rationis Enters., Inc. of Panama*, 261 F.3d 264, 267 (2d Cir. 2001) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (citing *Steel Co. v. Citizens for a Better Envt*, 523 U.S. 83, 94-95 (1998)).

Personal jurisdiction must be challenged with a timely objection to avoid risking waiver. *United States v. Gernie*, 228 F. Supp. 329, 339 (S.D.N.Y. 1964) (personal jurisdiction may be waived in a criminal case). Because several courts addressing this issue, including the Second Circuit, have held that the failure to raise personal jurisdiction before arraignment can waive the defendant's rights by necessarily acknowledging the court's jurisdiction, the Bank seeks to avoid that risk through a special appearance. The Court's suggestion at the November 5, 2019 hearing (with which the prosecution agreed) that Halkbank's right to challenge personal jurisdiction would not be waived by making a general appearance binds neither the Second Circuit nor Supreme Court were the Bank's motion denied and then later reviewed on appeal.

In a case presenting a strikingly similar dilemma to the one confronting the Bank here, the court in *In re Hijazi* addressed the issue of a pre-arraignment appearance to seek the

dismissal of an indictment against a non-American defendant who had never been physically present in the court's jurisdiction and was lawfully in Kuwait at the time of the indictment. 589 F.3d 401 (7th Cir. 2009). The court described the issue before it as a narrow one:

> [I]s [defendant] entitled to a ruling at this time, or must he voluntarily travel to the United States and present himself for arraignment before the court takes his motions under advisement? Put simply, does the district court, under the circumstances of this case, have a duty to rule now on the authority of the United States to apply its law to [defendant's] conduct?

*Id.* at 406.

The court answered this question in the affirmative, granted defendant's petition for mandamus, and ordered the district court to rule on his motions to dismiss the indictment, notwithstanding the fact that the defendant had not entered an appearance in the matter.

The prosecution in *Hijazi* argued that a writ of mandamus should not be available because defendant could obtain the relief he desired by showing up in court and making a general appearance. This is precisely the same argument advanced by the prosecution here during the November 5 hearing. Tr. of Status Conference at 14-15, *United States v. Türkiye Halk Bankasi A.S.*, No. 1:15-cr-00867-RMB (S.D.N.Y. Nov. 5, 2019), ECF No. 575. But the court in *Hijazi* decisively rejected that argument, just as this Court should do here:

> But [the prosecution's] reasoning overlooks the entire point of [defendant's] attack on the indictment. [Defendant] was lawfully in Kuwait at the time of the indictment and remains so today. The government cites no support for the proposition that [defendant] has no right to stay there, and in that way, refuse to cooperate with the U.S. proceeding. In fact, the reach of the statutes that [defendant] allegedly violated and the district court's authority to command his appearance are precisely the issues [defendant] wants the district court to resolve.

*In re Hijazi*, 589 F.3d at 407.

In these circumstances, the Court found that "ordinary proceedings" of making an appearance and entering a plea did not provide the defendant with an adequate remedy and that the relief he was requesting was "well within the power of the district court." *Id.* at 408.

Because the decision on the recusal motion will determine which United States district judge will consider the personal jurisdiction motion, the Court must decide the recusal motion first. Courts must promptly address requests for recusal because the purpose of the recusal statute is to avoid "even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). "The recusal issue is a threshold issue that must be resolved before the Court may consider any substantive motion." *Barnes v. Harling*, 368 F. Supp. 3d 573, 591 (W.D.N.Y. 2019); *see also Weisshaus v. Fagan*, 456 F. App'x 32, 34 (2d Cir. 2012) (It is "well-settled that a party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim."); *In re Int'l Bus. Machines Corp.*, 45 F.3d 641, 643 (2d Cir. 1995) ("[I]t is important to present recusal applications promptly.").

At the hearing on November 5, both the Court and the prosecution appeared to suggest that Halkbank's request for a special appearance should be denied unless conditioned on a commitment by Halkbank that, regardless of the Court's ruling on the jurisdiction motion, Halkbank agrees to subject itself to the jurisdiction of the Court and proceed with the case. Tr. of Status Conference at 15, *United States v. Türkiye Halk Bankasi A.S.*, No. 1:15-cr-00867-RMB (S.D.N.Y. Nov. 5, 2019), ECF No. 575. Such a condition is contrary to due process under the Constitution. A party seeking to assert a constitutional right does not have to agree to a conditional remedy in order to have the asserted right considered and adjudicated. Threshold constitutional issues like personal jurisdiction must be decided first to determine whether a court has the authority over a party to compel it to do anything. Those threshold constitutional rights would indeed be hollow if courts were permitted to extract advance concessions from defendants as a cost of having their rights adjudicated. For example, a criminal defendant has a constitutional right to file a motion to suppress evidence obtained in violation of due process and cannot be forced, as a condition of having that motion adjudicated, to forgo another constitutional right (the right to a jury trial) and agree to plead guilty should the court deny the motion to suppress. In this case, Halkbank should not have to agree to anything further until the Court decides the threshold jurisdictional question.

The Court also expressed its concern that requesting a special appearance would cause a "delay" in the proceeding. *Id.* at 16. But asserting a valid constitutional right is not fairly

considered a "delay," particularly where the vindication of that right might end the case immediately. Halkbank is asserting a constitutional right through the only mechanism that protects against the risk of waiver and has submitted its request to do so in a timely fashion. *In re Hijazi*, 589 F.3d at 411 (where the defendant requested pre-arraignment determination of jurisdiction, the court stated that "nothing that [defendant] has done has in any way prevented the district court from ruling on his motions to dismiss. He filed the motions in a timely fashion; he is represented by first-rate counsel; and he has followed up appropriately rather than allowing matters to languish."). Moreover, should the Court grant the motion for a special appearance, this would substantially expedite these proceedings if the Court grants the Bank's motion to dismiss, as the Bank believes it should. If, on the other hand, the Court denies the motion, then the case will proceed without delay, as it would have otherwise. Any time spent on these proceedings even if this motion is denied is no reason to prevent the Bank from exercising its rights.

## II.     Courts Routinely Grant Special Appearances in Criminal Cases

Courts routinely permit criminal defendants to appear on a special and limited basis to challenge threshold issues such as jurisdiction. We have reviewed federal criminal cases available in online legal databases, including many unpublished opinions and orders, not limited by time period, in which defendants sought to enter a special appearance. Our search identified twenty-two cases in which defense counsel have either requested or noticed a special appearance in criminal cases. *See* Appendix, *infra* at p. 15. In sixteen cases, the court permitted a special appearance. Of those cases, in seven instances defendants were permitted by the court to enter notices of special appearance on the docket with no objection from the prosecution. *See, e.g., United States v. Sinovel Wind Grp. Co.*, No. 3:13-cr-00084 (W.D. Wis. Feb. 21, 2017) ECF No. 187; *United States v. Pangang Grp. Co., Ltd.*, No. 4:11-cr-00573 (N.D. Cal. Dec. 21, 2011), ECF No. 46; *United States v. Johnson Matthey, Plc.*, 2:06-cr-00169 (D. Utah Jan. 23, 2007), ECF No. 60; *United States v. Pub. Warehousing Co.*, No. 1:09-cr-00490 (N.D. Ga. Nov. 19, 2009), ECF. No. 9; *United States v. Nippon Paper Indus. Co., Ltd.*, No. 1:95-cr-10388 (D. Mass. Jan. 23, 1996), ECF Nos. 16, 17; *United States v. Mitchell*, 377 F. Supp. 1326, 1328-29 (D.D.C. 1974); *United States v. Chitron Elecs. Co. Ltd.*, No. 1:08-cr-10386 (D. Mass. Jun. 5, 2009), ECF No. 46.

In nine cases, the defendants requested leave of the court to make a special appearance and the court granted the request. The majority of these courts did not view special appearance as a controversial request and granted it without generating any written opinion on the issue. Like Halkbank, many of the defendants were foreign companies with no U.S. operations. *See, e.g., United States v. Kassian Mar. Navigation Agency, Ltd.*, No. 2:13-cr-00070 (E.D. Va. June 24, 2013), ECF No. 38 (granting foreign corporate defendant's motion to make special appearance to contest personal jurisdiction); *United States v. Dotcom*, No. 1:12-cr-00003 (E.D. Va. Nov. 20, 2012), ECF No. 148 (granting foreign criminal defendant leave to enter limited appearance to move to dismiss indictment for lack of personal jurisdiction based on insufficient service); *United States v. Kolon Indus., Inc.*, No. 3:12-cr-00137 (E.D. Va. Dec. 13, 2012), ECF No. 20 (same).

Courts have granted special appearances through written opinions in three instances, all of which involved foreign defendants located abroad. In those cases, the courts deemed it unnecessary to compel the defendants' appearance in the United States to challenge their indictments. In *United States v. Siriwan*, the prosecution challenged special appearance under the fugitive disentitlement doctrine, and the court determined that it did not apply to the defendants, who were foreign citizens and residents. No. CR 09-81, 2011 WL 13057709 (C.D. Cal. July 28, 2011). Under the fugitive disentitlement doctrine, a court may, in its discretion, decline to rule on a fugitive individual's motions until he presents himself physically before the court. In *Siriwan*, two Thai citizens requested a special appearance in order to make a motion to dismiss the indictment. The prosecution opposed the motion, claiming they were fugitives and not entitled to the relief sought. The court disagreed and granted the special appearance, holding that foreign defendants who were not present in the United States did not flee the jurisdiction and, therefore, were not fugitives. *Id.* at *1 ("They are not United States citizens or residents. Nor did they leave this country post-indictment . . . As such, there is no reason to conclude that they are purposefully staying away from the United States because of the existence of the indictment").

As a corporation, Halkbank cannot be a "fugitive" since it has no physical body to present and can appear before the court in any case only through representatives such as its legal counsel. *United States v. Yang*, 144 F. App'x 521, 523 (6th Cir. 2005) ("On February 2, 2004, a

motions panel of this court held that Four Pillars, as a corporate defendant, is not subject to dismissal under the fugitive disentitlement doctrine."). This doctrine therefore has no bearing on the Bank's request. Research confirms that the fugitive disentitlement doctrine has never been applied in any instance of which we are aware—through published or unpublished opinion—to prevent a corporate criminal defendant from making a special appearance.

Even where courts confront foreign criminal defendants residing abroad, they have granted the request to make a special appearance to contest jurisdiction and attack the sufficiency of the indictment. The court in *United States v. Tucor Int'l, Inc.* granted foreign defendants' request for a special appearance to challenge the indictment. No. 4:92-cr-00425 (N.D. Cal. Oct. 20, 1997), ECF No. 102. The court stated that ramifications that extend "beyond the parties to the action" necessitate ruling on the motion to dismiss before arraignment. Specifically, the court noted the "strong views of the Philippines government" that the indictment infringed upon its sovereignty and violated U.S. treaty obligations. *Id.* at 5-6. The court in *United States v. Noriega* reached a similar conclusion, stressing that "delicate issues" in a case "fraught with political overtones" militate in favor of allowing the foreign defendant the opportunity to challenge the indictment through a special appearance despite finding that the defendant was a fugitive. 683 F. Supp. 1373, 1374-75 (S.D. Fla. 1988). The court emphasized the importance of addressing questions about the impartiality of the proceeding:

> [T]he best way to avoid the appearance that this indictment has assumed the character of a political proceeding, rather than a legal one, is to determine its legal validity upon the arguments of counsel. In that way, the integrity of our legal system will best be served. Counsel suggested at oral argument on this motion that the world is watching this case. In the unlikely event that such an observation is accurate, it is all the more important that our frequent protestations about due process, presumptions of innocence and fair play be given meaning. Indeed, any procedure which will negate the perception that this prosecution may have been politically motivated should be welcomed by the Government.

*Id.* at 1375.

Because this case has been widely publicized, it is important to demonstrate the essential fairness of the U.S. legal system by addressing the issues of jurisdiction and reasonable questions regarding the Court's impartiality (and appearance of impartiality) before arraignment.

The four cases where a court has denied a defendant's request for special appearance arise in different contexts and are inapplicable here.[2] Two were decided under the fugitive disentitlement doctrine which, as previously stated, does not apply to Halkbank. In *United States v. Shalhoub*, an individual criminal defendant residing in Saudi Arabia sought leave of court to enter a special appearance to challenge the indictment. No. 98-cr-00460, 2016 WL 8943847 (S.D. Fla. Jan. 26, 2016), *appeal dismissed*, 855 F.3d 1255 (11th Cir.), *cert. denied*, 138 S. Ct. 381 (2017). The court denied Shalhoub's request finding that he was a fugitive because he constructively fled by failing to return to his home in the Southern District of Florida when he was indicted. *Id.* at 2. In *United States v. Kim*, the court ruled on similar grounds that an American citizen, then pending extradition from Korea, was a fugitive because he failed to surrender to U.S. authorities after his indictment. No. 8:09-cr-00077 (C.D. Cal. Apr. 4, 2011), ECF No. 330. Unlike *Shalhoub* and *Kim*, Halkbank is not an individual defendant, it was never "present" in the United States, and it therefore cannot "flee" the jurisdiction.

Further, the policy concerns about mutuality that underpin the fugitive disentitlement doctrine are not present here. In *In re Hijazi*, an individual criminal defendant residing in Kuwait moved to dismiss the indictment for lack of personal jurisdiction, among other things. 589 F.3d at 403. The district court refused to rule on his motion until the defendant appeared for arraignment. The court expressed concern that there was no "mutuality" in the defendant's motion to dismiss, stating that the defendant had little or nothing to lose from an unfavorable ruling by the court. The Seventh Circuit granted Hijazi's petition for a writ of mandamus and directed the district court to decide the motion to dismiss without the defendant's physical presence. The Seventh Circuit rejected the district court's concern about lack of mutuality, finding that defendant faced adverse consequences, including a "red notice" issued by Interpol and the resulting inability to travel home to Lebanon, that "satisfy any mutuality concerns that may exist." *Id.* at 414. As this Court has acknowledged, the Bank similarly faces substantial consequences, including the possibility of contempt sanctions, should it face an adverse ruling on personal jurisdiction.

---

[2] In two additional cases, defendants attempted special appearances to challenge personal jurisdiction, but the courts found waiver. *See* Appendix, *infra* at p. 19.

The remaining two cases denying a special appearance are likewise inapposite. In *United States v. Adamov,* a foreign criminal defendant who was charged with misappropriating government funds sought leave of the court to enter a special appearance to challenge the indictment. No. 2:05-cr-00129, 2008 WL 1943550 (W.D. Pa. May 2, 2008). The defendant filed a motion to dismiss and attempted to use findings made during his co-defendant's sentencing to indicate that the prosecution had failed to prove that the alleged embezzlement had occurred. The court denied the special appearance request, stating that it refused to entertain a factual challenge to the sufficiency of the indictment via special appearance. *Id.* at *3. Unlike the defendant in *Adamov,* Halkbank is not seeking to challenge factual issues as part of this motion.

In *United States v. Shimek,* the *pro se* defendant, accused of providing false information to the IRS, filed a litany of pre-trial motions along with his request for special appearance to challenge jurisdiction, including claims for "assistance of counsel of choice," "assurance of competent judge," a motion for change of venue, a motion to dismiss, and a "preliminary counter complaint." 445 F. Supp. 884, 887 (M.D. Pa. 1978). Although the court acknowledged that "[t]hroughout his motions Defendant refers to the making of a 'special appearance' and has filed a document labeled 'Special Appearance,'" *id.* at 893, the court interpreted the *pro se* defendant's request as, in fact, a challenge to the "territorial jurisdiction of the Court." *Id.* Unlike the present case, the defendant in *Shimek* had already appeared by filing numerous pre-trial motions, several of which had already been denied in a previous opinion by the court, and also a "Preliminary Counter Complaint" which had been dismissed. For this reason, in denying the defendant's special appearance request to challenge jurisdiction and ruling on what the court characterized as a challenge to "territorial jurisdiction," the court in *Shimek* did not even mention personal jurisdiction and did not address Due Process Clause limitations nor the risk of their waiver, as the vast majority of other courts that have addressed personal jurisdiction challenges have done.

**III.   Special Appearances Are Necessary to Properly Challenge Threshold Issues**

Unlike the Federal Rules of Civil Procedure, the Criminal Rules lack an express rules-based mechanism for defendants to challenge certain threshold issues absent a special appearance. In the civil context, Fed. R. Civ. P. 12(b)(2) specifically permits a defendant to

bring a motion to dismiss for lack of personal jurisdiction and therefore obviates the need for a special appearance. But before the Civil Rules came into effect, the only avenue by which defendants could raise a personal jurisdiction defense without risking waiver was through a special appearance. *See* Edmunds, The New Federal Rules of Civil Procedure, 1938, 4 John Marshall L.Q. 291, 304 ("Under the former practice, in raising . . . jurisdictional defenses by motion you had to be very careful to make a special appearance and making a defense to the merits at the same time would waive these.").

Although the practice of challenging personal jurisdiction by special appearance in criminal cases has existed for some time, the Criminal Rules have not added the same express safe harbor as the Civil Rules that creates a method for a defendant to challenge personal jurisdiction. To avoid potential waiver, therefore, that challenge must be done by special appearance. Although Criminal Rule 12(b)(2) permits a motion to challenge jurisdiction at any time while the case is pending, that provision refers only to subject matter jurisdiction, not personal jurisdiction. 2 Orfield's Criminal Procedure Under the Federal Rules, § 12:102 (2d ed. 2016) ("The words 'lack of jurisdiction' in Rule 12(b)(2) refer to jurisdiction of the subject matter.").

Personal jurisdiction is rarely challenged in criminal cases because most defendants are either individuals physically before the court or corporate defendants with domestic operations. However, where a foreign corporate defendant seeks to contest personal jurisdiction, the Criminal Rules' silence means that the only proper mechanism to avoid the risk of waiver is a special appearance. *United States v. Stein* concerned fraud charges against employees of KPMG. 435 F. Supp. 2d 330 (S.D.N.Y. 2006), *aff'd*, 541 F.3d 130 (2d Cir. 2008). The employees moved to dismiss the indictment, claiming that prosecutors pressured KPMG to cut off reimbursement of attorney fees after the employees were indicted. The employees sought a court order for non-party KPMG to advance their defense costs. KPMG objected, claiming lack of personal jurisdiction. The court did not reach the question of jurisdiction because it directed the defendants to file a civil complaint against KPMG, but it noted that actions by KPMG, including attending hearings and making submissions to the court, arguably constituted waiver. *See id.* at 379 n. 235 ("The Federal Rules of Civil Procedure . . . abolish[ ] the distinction between general and special appearances and permit[ ] a defendant to preserve a personal jurisdiction objection by

answer or timely motion to dismiss. These rules, however, *do not apply in a criminal case*. It therefore is arguable that KPMG's actions before the Court constituted a general appearance and thus waived any objection to personal jurisdiction.") (emphasis added).

In 2016, Criminal Rule 4 was amended to provide prosecutors with more flexibility to serve organizations located outside the United States, therefore rendering the need to enter a special appearance *contesting notice of the summons* unnecessary. But amended Criminal Rule 4 did not eliminate the need for special appearances to contest other threshold issues, such as jurisdiction or recusal. In fact, the Department of Justice itself acknowledged that criminal defendants could still make special appearances to contest issues such as personal jurisdiction. In a letter from the Department to the Advisory Committee, the Department noted that amended Criminal Rule 4 would eliminate the need to enter a special appearance only in the narrow instance in which a defendant contests notice of a summons. *See* Memorandum Regarding Proposed Amendments to FED. R. CRIM. P. 4 from Jonathan J. Wroblewski, Director, Office of Policy and Legislation, U.S. Department of Justice to Judge David M. Lawson, Chair, Subcommittee of Advisory Committee on Criminal Rules at 2 (February 20, 2015). The Department explicitly noted that the availability of a special appearance for other threshold issues remained intact and gave several non-exhaustive examples of instances where special appearance was appropriate, including a specific example involving personal jurisdiction. The Department explained that counsel for a defendant can seek to enter a special appearance to argue that a foreign corporation was dissolved prior to indictment. The Department therefore validated the use of special appearance to challenge personal jurisdiction over an entity defendant. *Id.*; *see, e.g.*, *Schleifer v. Lexus of Manhattan*, No. 17-cv-08789, 2019 WL 4640055 (S.D.N.Y. 2019) (defendant alleged that the entity named in the complaint had been dissolved and brought a motion to dismiss for lack of personal jurisdiction).

The Ninth Circuit likewise acknowledged the availability of special appearances just last year in *In re Pangang Grp. Co., Ltd.*, 901 F.3d 1046, 1052 (9th Cir. 2018), a case cited by the prosecution. Gov't Letter to J. Berman, *United States v. Türkiye Halk Bankasi A.S.*, No. 1:15-cr-00867-RMB (S.D.N.Y. Nov. 5, 2019), ECF No. 571. There, the foreign defendants had entered a special appearance to move to quash service of a summons, which is *not* what Halkbank is doing here. The Ninth Circuit denied the motion, holding that the company had actual notice of

the summons consistent with amended Criminal Rule 4. Just as the Department had explained in its letter to the Advisory Committee, the Ninth Circuit noted that amended Criminal Rule 4 only affected the availability of special appearances to contest notice of the summons. The court explained that the Advisory Committee did not foreclose the use of special appearance to assert other objections. *Id.* at 1059 ("Criminal Rule 4 would not eliminate the possibility of special appearances entirely."). Special appearances remain the only mechanism for foreign criminal defendants to properly contest personal jurisdiction and request recusal.

This Court indicated that Hakan Atilla challenged jurisdiction without a special appearance, but Mr. Atilla challenged the *extraterritorial application of U.S. laws*, not personal jurisdiction. Tr. of Nov. 5, 2019 Status Conference at 5, *United States v. Türkiye Halk Bankasi A.S.*, No. 1:15-cr-00867-RMB (S.D.N.Y. Nov. 5, 2019), ECF No. 575. Because extraterritoriality is a question of subject matter jurisdiction—which is properly challenged after arraignment—these are two completely different issues. Mr. Atilla was physically present before the court so personal jurisdiction was not at issue. Instead, Mr. Atilla claimed that the Due Process Clause protected him from the extraterritorial application of U.S. law to foreign conduct that lacked a sufficient nexus with the United States. *See, e.g.*, *United States v. Yousef*, 327 F.3d 56, 111-12 (2d Cir. 2003) (citing *United States v. Davis*, 905 F.2d 245, 248-49 (9th Cir. 1990).

Constitutional challenges to the extraterritorial application of U.S. law are analogous to state choice of law issues under the Due Process Clause of the Fourteenth Amendment.[3] Just as the Fourteenth Amendment constrains one state's application of its own law to conduct that occurred outside its state borders, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821-22 (1985) (finding that use of Kansas law for all multistate plaintiffs violated Fourteenth Amendment), the Fifth Amendment constrains the U.S.'s application of its own law to conduct that occurred outside its national borders. *Yousef*, 327 F.3d at 111 (the Due Process Clause of the Fifth Amendment bars extraterritorial application of U.S. law to foreign conduct absent a sufficient nexus).

---

[3] Due process challenges to extraterritoriality should not be confused with the unrelated issue of statutory extraterritoriality. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

November 19, 2019
Page 13

### IV. The Bank Must Raise Personal Jurisdiction and Recusal Via Special Appearance To Avoid Risking Waiver

Unless Halkbank can make a special appearance to contest personal jurisdiction, it risks an eventual decision that it has waived that argument through a general appearance. Before the adoption of Civil Rule 12, courts found waiver where civil defendants failed to make a special appearance to contest jurisdiction. *See China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 589-90 (S.D.N.Y. 2012). Defendants in the criminal context have even more at stake should they make a general appearance and risk a ruling that they have accepted the court's jurisdiction.

At the hearing on November 5, both the Court and the prosecution noted that entrance of a general appearance would not, in their view, constitute a waiver of a jurisdictional challenge. But the prosecution's concession and this Court's views are not the only considerations. Another United States District Court or courts of review may conclude that a general appearance waives a challenge to personal jurisdiction.

At least two federal criminal cases have found that participating in proceedings by, among other things, entering a plea and filing a general appearance waived personal jurisdiction. The Second Circuit reached this decision in *United States v. Beadon*, 49 F.2d 164, 167 (2d Cir. 1931), where three corporate defendants appealed their convictions, contending that that they were not "in court" and that no valid verdict could be rendered against them for that reason. The Second Circuit found that personal jurisdiction had been accepted because counsel had confirmed their appearance for the corporations during a pre-trial colloquy, and thus "the record show[ed] that the corporate defendants were in court from the beginning because they had appeared generally by counsel." *Id.*

In *United States v. Maruyasu Indus. Co.*, 229 F. Supp. 3d 659 (S.D. Ohio 2017), a foreign defendant filed a notice of special appearance, but then proceeded to generally participate in the litigation before contesting the court's jurisdiction. The court found that the defendant's participation in the litigation, "including pleading not guilty," amounted to a waiver of personal jurisdiction. *Id.* at 671.

The Department's letter to the Advisory Committee itself recognized that special appearance is appropriate to avoid the risk of waiving threshold issues like personal jurisdiction.

The Department noted that the "purpose of a 'special appearance' is to avoid automatically waiving threshold issues by operation of law" and acknowledged that prior to the change in the Civil Rules, special appearance was a common tool for defendants to challenge personal jurisdiction. Wroblewski Letter, at 2 ("Prior to the federal rules [for civil procedure], the practice was for counsel to appear specially for the purpose of objecting by motion to the jurisdiction of the court over the defendant . . . a failure to follow the correct procedure for doing so often resulted in a waiver of the defense.") (citation omitted).

Assurances at the district court level that entering a general appearance will not constitute waiver may not ultimately protect the Bank's rights. Each court must assess for itself whether jurisdiction exists, and a district court's determination on that point does not bind the appellate court. *See Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) ("We review a district court's assertion of personal jurisdiction de novo."). If the Bank filed a general appearance, entered a plea at arraignment, and filed pre-trial motions, the Bank would risk the Second Circuit later determining that the Bank had waived its right to challenge personal jurisdiction.

\*   \*   \*   \*   \*

For the foregoing reasons, this Court should grant counsel for Halkbank leave to appear on a limited and special basis to argue on behalf of Halkbank the merits of the proposed submissions without waiving any objections to this Court's jurisdiction.

Respectfully,

*[signature]*

Andrew C. Hruska
AH3224

cc: Michael Lockard, Esq.
Sidhardha Kamaraju, Esq.
David Denton, Esq.
Jonathan Rebold, Esq.
Kiersten Fletcher, Esq.
Richard Walker, Esq.
William Johnson, Esq.
Katherine Kirkpatrick, Esq.
(all by electronic mail)

# APPENDIX

# SPECIAL APPEARANCES IN FEDERAL CRIMINAL CASES

> This chart collects all of the special appearances we have identified to date in federal criminal cases. Additional unpublished cases may exist.

| **Case** | **Individual/ Entity** | **Issue Raised** | **Special Appearance** |
|---|---|---|---|
| **Special Appearance Granted** | | | |
| *United States v. Noriega*, 683 F. Supp. 1373 (S.D. Fla. 1988) | Individual | Jurisdiction, Sufficiency of the Indictment[4] | Granted |
| *United States v. Swank Corp.*, 797 F. Supp. 497, 499 (E.D. Va. 1992) | Entity | Attorney's Fees | Granted |
| *United States v. Tucor Int'l, Inc.*, No. 4:92-cr-00425 (N.D. Cal. Oct. 20, 1997), ECF No. 102[5] | Entity/ Individual | Failure to State an Offense | Granted |
| *United States v. Alfred L. Wolff GmbH*, No. 1:08-cr-00417, (N.D. Ill. Mar. 17, 2011), ECF No. 126 | Entity | Quash Service of Summons | Granted |
| *United States v. Siriwan*, No. 2:09-cr-00081 (C.D. Cal. Aug. 4, 2011), ECF No. 62[6] | Individual | Failure to State an Offense | Granted |

---

[4] In the defendant's subsequent motion to dismiss, he also argued that he was immune from prosecution as a head of state and diplomat, and that his alleged narcotics offenses were acts of state not properly reviewable by the Court. *See United States v. Noriega*, No. 88-79-CR, 1990 WL 95527 at *2 (S.D. Fla. June 8, 1990).

[5] The judge's order granting the special appearance is not available on PACER. For additional information on the issues raised, see *United States v. Tucor Int'l, Inc.*, 35 F. Supp. 2d 1172, 1176 (N.D. Cal. 1998).

[6] *United States v. Siriwan*, No. 2:09-cr-00081, 2011 WL 13057709 at *2 (C.D. Cal. July 28, 2011).

November 19, 2019
Page 16

| Case | Individual/ Entity | Issue Raised | Special Appearance |
|---|---|---|---|
| *United States v. Dotcom*, No. 1:12-cr-00003 (E.D. Va. Apr. 18, 2012), ECF No. 87 | Entity/ Individual | Data Retention under Protective Order | Granted |
| *United States v. Dotcom,* No. 1:12-cr-00003 (E.D. Va. May 30, 2012), ECF No. 96; (E.D. Va. June 28, 2012), ECF No. 111 | Entity/ Individual | Personal Jurisdiction based on Failure to Serve Summons, Attorney Fees | Granted[7] |
| *United States v. Dotcom,* No. 1:12-cr-00003 (E.D. Va. Nov. 20, 2012), ECF No. 148 | Entity | Return of Seized Property | Granted |
| *United States v. Kolon Indus., Inc.*, No. 3:12-cr-00137 (E.D. Va. Dec. 13, 2012), ECF No. 20 | Entity | Personal Jurisdiction based on Failure to Serve Summons | Granted |
| *United States v. Kassian Mar. Navigation Agency, Ltd.*, No. 2:13-cr-00070 (E.D. Va. June 24, 2013), ECF No. 38 | Entity | Personal Jurisdiction | Granted |
| *United States v. Rafiekian*, No. 1:18-cr-00457 (E.D. Va. June 14, 2019)*,* ECF No. 216 | Individual | Attorney-Client Privilege | Granted |
| **Special Appearance Uncontested** | | | |
| *United States v. Mitchell*, 377 F. Supp. 1326, 1328-29 (D.D.C. 1974) | Individual | Quash Subpoena | Uncontested |
| *United States v. Nippon Paper Indus. Co.*, *Ltd.*, No. 1:95-cr-10388 (D. Mass. Jan. 23, 1996), ECF Nos. 16, 17[8] | Entity | Quash Service of Summons, Personal Jurisdiction | Uncontested |

---

[7] The court denied the defendants' request for special appearance on an attorneys' fees issue because the court found the issue was not yet ripe.

[8] For additional details on this motion, see *United States v. Nippon Paper Indus. Co., Ltd.*, 944 F. Supp. 55 (D. Mass. 1996).

| Case | Individual/ Entity | Issue Raised | Special Appearance |
|---|---|---|---|
| *United States v. Johnson Matthey, Plc.*, 2:06-cr-00169 (D. Utah Jan. 23, 2007), ECF No. 60 | Entity | Quash Service of Summons | Uncontested |
| *United States v. Johnson Matthey, Plc.*, 2:06-cr-00169 (D. Utah July 6, 2007), ECF No. 92 | Entity | Quash Service of Summons | Uncontested |
| *United States v. Chitron Elecs. Co. Ltd.*, No. 1:08-cr-10386 (D. Mass. June 5, 2009), ECF No. 46 | Entity | Personal Jurisdiction, Quash Service of Summons | Uncontested |
| *United States v. Pub. Warehousing Co.*, No. 1:09-cr-00490 (N.D. Ga. Nov. 19, 2009), ECF No. 9 | Entity | Quash Service of Summons | Uncontested |
| *United States v. Sinovel Wind Grp. Co.*, No. 3:13-cr-00084, (W.D. Wis. June 27, 2013), ECF No. 20; (W.D. Wis. July 2, 2013), ECF No. 33 | Entity | Quash Service of Summons | Uncontested[9] |
| *United States v. Sinovel Wind Grp. Co.*, No. 3:13-CR-00084, (W.D. Wis. Feb. 21, 2017), ECF No. 187 | Entity | Quash Service of Summons | Uncontested |

---

[9] A minute entry from a July 31, 2013 hearing indicates that Sinovel maintained its special appearance "over the government's objection." There is no indication that the government obtained a ruling from the court on this issue. *United States v. Sinovel Wind Grp. Co.*, No. 3:13-CR-00084 (W.D. Wis. June 27, 2013), ECF No. 45.

| **Case** | **Individual/ Entity** | **Issue Raised** | **Special Appearance** |
|---|---|---|---|
| *United States v. Pangang Grp. Co., Ltd.,* No. 4:11-cr-00573 (N.D. Cal. Dec. 21, 2011), ECF No. 46 | Entity | Quash Service of Summons | Uncontested |
| *United States v. Pangang Grp. Co., Ltd.,* No. 4:11-cr-00573, 2017 WL 3034063, at *1 (N.D. Cal. July 18, 2017), *appeal dismissed*, No. 17-10318, 2017 WL 7065941 (9th Cir. Nov. 15, 2017), *mandamus denied sub nom.*, *In re Pangang Grp. Co., Ltd.*, 901 F.3d 1046 (9th Cir. 2018) | Entity | Quash Service of Summons | Uncontested |
| **Special Appearance Denied** | | | |
| *United States v. Shimek,* 445 F. Supp. 884, 893 (M.D. Pa. 1978) | Individual, *Pro Se* | Special appearance in connection with numerous objections | Denied |
| *United States v. Adamov*, No. 2:05-cr-00129, 2008 WL 1943550 (W.D. Pa. May 2, 2008) | Individual | Factual Insufficiency | Denied |
| *United States v. Kim*, No. 8:09-cr-00077 (C.D. Cal. Apr. 4, 2011), ECF No. 330 | Individual | Failure to State an Offense | Denied |
| *United States v. Shalhoub*, No. 98-cr-00460, 2016 WL 8943847 (S.D. Fla. Jan. 26, 2016), *appeal dismissed*, 855 F.3d 1255 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 381 (2017) | Individual | Failure to State an Offense, Venue, Speedy Trial | Denied |

| **Case** | **Individual/ Entity** | **Issue Raised** | **Special Appearance** |
|---|---|---|---|
| **Special Appearance Waived** | | | |
| *United States v. Yakutat & S Ry Co*, 2 Alaska 628, 631-32 (D. Alaska 1905) | Entity | Personal Jurisdiction | Personal jurisdiction waived for challenging both merits of indictment and personal jurisdiction |
| *United States v. Maruyasu Indus. Co.*, 229 F. Supp. 3d 659, 671 (S.D. Ohio 2017) | Entity | Personal Jurisdiction | Personal jurisdiction waived for participating in litigation, including entry of plea |