**Exhibit B**

**Halkbank's Authorities Do Not Support Its Application for a Special Appearance to Challenge Personal Jurisdiction Based Upon Minimum Contacts or to Move for Recusal, as follows:**

| Case | Distinguishing Factors |
|---|---|
| Ford v. United States, 273 U.S. 593 (1927) | • Foreign defendants (individuals) appealed from a judgment of conviction, alleging lack of personal jurisdiction because they were arrested through an "illegal seizure."  In 1927, the Supreme Court affirmed the convictions, concluding that the defendants "waive[d] the question of the jurisdiction of the persons of defendants" by failing to raise the issue through "a plea to the jurisdiction," which "must precede th[e] plea of not guilty." Id. at 606.  The Supreme Court also ruled that the lower court had personal jurisdiction "because [defendants] were actually in its custody." Id. at 606–07.<br>• Defendants challenged the court's jurisdiction after appearing.<br>• Defendants were individuals, not a corporation.<br>• No special appearance was sought.<br>• Federal Rule of Criminal Procedure 12 subsequently "abolishe[d] pleas to the jurisdiction." See Fed. R. Crim. P. 12, Advisory Committee's Note to 1944 Enactment.<br>• There was no motion to dismiss for lack of minimum contacts nor a recusal motion. |
| United States v. Beadon, 49 F.2d 164 (2d Cir. 1931) | • Defendant corporations appealed from a judgment of conviction, alleging lack of personal jurisdiction because "[t]he court erred in holding that defendant[-corporations] were in court and were bound to plead to the indictment." Id. at 166.  The Second Circuit affirmed the convictions, finding that there was "no merit in the contention of the corporate defendants that they were not in court" because "the record showed that they had appeared by attorneys." Id.<br>• Defendants challenged the court's jurisdiction after appearing.<br>• No special appearance was sought.<br>• There was no motion to dismiss for lack of minimum contacts nor a recusal motion. |
| United States v. Kolon Ind., 926 F. Supp. 2d 794 (E.D. Va. 2013) | • Defendant foreign corporation sought to make a special appearance to dismiss indictment for lack of personal jurisdiction because the foreign corporation defendant did not have an address in the United States.  The district court entertained the application because the Government did not oppose it.  But, the district court denied the motion to dismiss, concluding that the Federal Rule of Criminal Procedure 4 mailing requirement was not "a necessary prerequisite to the exercise of jurisdiction over a foreign corporation."  "It is |

| | |
|---|---|
| | doubtful that Congress would stamp with approval a procedural rule permitting a foreign corporate defendant to intentionally violate the laws of this country thereby causing harm to its citizens, yet evade the jurisdiction of United States' courts by purposefully failing to establish an address here." Id. at 802.<br>• Special appearance was not opposed.<br>• Case is outside the Second Circuit.<br>• Pre-2016 amendment to Rule 4.<br>• Criticized by the Ninth Circuit in In re Pangang Grp. Co., because the court, "without explanation or critical examination, permitted [a] criminal defendant[] to enter [a] special appearance[] to raise threshold objections." 901 F.3d at 1057–58.<br>• There was no motion to dismiss for lack of minimum contacts nor a recusal motion. |
| United States v. Dotcom, No. 1:12-cr-00003, 2012 WL 4788433 (E.D. Va. Oct. 5, 2012) | • Defendant foreign corporation sought to make a special appearance to dismiss indictment for lack of personal jurisdiction because the foreign corporation defendant did not have an address in the United States. The district court entertained the application without explanation. But, the district court denied the motion to dismiss, concluding that "so long as the government could prove that an individual defendant is an alter ego of the corporate defendant, the government could satisfy Rule 4's mailing requirement by mailing a copy of the summons to one of the individual defendants" following extradition to the U.S. Id., at *2.<br>• The defendant foreign corporation also sought to make additional special appearances related to storage of the defendant's electronic data and the return of data stored on the defendant's servers. The district court allowed the defendant "to appear . . . for the purpose of [each] hearing . . . on a limited basis," without explaining its reasoning. Id., ECF No. 84, at 27; id., ECF No. 148, at 1.<br>• Case is outside the Second Circuit.<br>• Pre-2016 amendment to Rule 4.<br>• There was no motion to dismiss for lack of minimum contacts nor a recusal motion. |

| | |
|---|---|
| <u>United States v. Yousef</u>, 327 F.3d 56 (2d Cir. 2003) | • Defendant (individual) appealed from judgment of conviction, alleging violation of the "doctrine of specialty" which "prohibits prosecution of a defendant for a crime other than the crime for which he has been extradited." <u>Id.</u> at 115. The Second Circuit affirmed the conviction, concluding that the defendant "forfeited any argument on the doctrine of specialty when he failed to assert it in his initial appellate brief." <u>Id.</u> at 115–16.<br>• Defendant challenged the court's jurisdiction after appearing.<br>• Defendant was an individual, not a corporation.<br>• No special appearance was sought.<br>• There was no motion to dismiss for lack of minimum contacts nor a recusal motion. |
| <u>United States v. Noriega</u>, 683 F. Supp. 1373 (S.D. Fla. 1988) and 746 F. Supp. 1506 (S.D. Fla. 1990) | • Defendant (General Manuel Antonio Noriega, the de facto head of state of Panama) sought to make a special appearance to dismiss indictment, alleging improper extraterritorial application of U.S. law and asserting sovereign immunity. The district court entertained the special appearance. <u>See</u> 683 F. Supp. at 1374. But, the district court denied the motion to dismiss, concluding that "[j]urisiction over Defendant's extraterritorial conduct [was] appropriate both as a matter of international law and statutory construction," and the defendant was not entitled to immunity. 746 F. Supp at 1519–26.<br>• The district court granted the request for a special appearance because the indictment of "the *de facto* head of a foreign government" was "surrounded with special circumstances." 683 F. Supp. at 1374. It was "not stating that as a matter of law any fugitive criminal defendant may contest the validity of his indictment. The precedential value of such a discretionary ruling will, necessarily, be minimal." <u>Id.</u><br>• Defendant was an individual, not a corporation.<br>• Case is outside the Second Circuit.<br>• The district court's reasoning for granting a special appearance was rejected by its Circuit Court of Appeals in <u>United States v. Shalhoub</u>, 855 F.3d 1255, 1265 (11th Cir. 2017) (if the defendant "wants to challenge the indictment, he need only submit himself to the jurisdiction of the district court").<br>• There was no motion to dismiss for lack of minimum contacts nor a recusal motion. |
| <u>United States v. Siriwan</u>, No. 2:09-cr-00081, 2011 WL 13057709 (C.D. Cal. July 28, 2011) | • Defendants (individuals) sought to make a special appearance to dismiss indictment, alleging improper extraterritorial application of U.S. law and the Government's failure to state an offense. The district court entertained the application for a special appearance—which was unopposed—without explanation. But, the district court never ruled on the motion to dismiss, and the Government eventually dismissed the |

iii

| | |
|---|---|
| | indictment after the defendants were convicted in their home country.<br>• Defendants were individuals, not a corporation.<br>• Special appearance was not opposed.<br>• Case is outside the Second Circuit.<br>• Unique circumstances: defendants were indicted and convicted in their home country.<br>• There was no motion to dismiss for lack of minimum contacts nor a recusal motion. |
| In re Hijazi, 589 F.3d 401 (7th Cir. 2009) | • Defendant (individual) sought to dismiss indictment, alleging improper extraterritorial application of U.S. law, lack of subject-matter jurisdiction, and violations of the Sixth Amendment and the Speedy Trial Act.  The district court refused to consider the motion to dismiss until the defendant appeared and was arraigned.  Instead of appearing for arraignment, the defendant sought a writ of mandamus from the Seventh Circuit directing the district court to consider his motion to dismiss.  The Seventh Circuit directed the district court to decide the motion to dismiss, reasoning that because the defendant "is under no obligation to travel to the United States, and as long as he does not enter the country, he cannot forcibly be brought before the Central District of Illinois for his arraignment . . . resolution of Hijazi's claims—and for that matter, resolution of the government's right to proceed with this case—will not be forthcoming through the usual procedures." 589 F.3d at 407.<br>• Defendant was an individual, not a corporation.<br>• No special appearance was sought.<br>• Case is outside the Second Circuit.<br>• The ruling was subsequently limited by the Seventh Circuit. See In re Kashamu, 769 F.3d 490, 494 (7th Cir. 2014) (where the Seventh Circuit refused to direct the district court to rule on a fugitive's motion to dismiss the indictment for lack of personal jurisdiction and violation of the Speedy Trial Clause of Sixth Amendment, concluding that "[i]f he wants to fight the charges, he has only to fly from Lagos to Chicago; there are loads of reasonably priced flights").<br>• The determination to allow a fugitive to file a motion to dismiss without appearing has also been rejected by two other Circuit courts.  In United States v. Martirossian, 917 F.3d 883 (6th Cir. 2019), the Sixth Circuit held that the fugitive defendant "ha[d] a readily available means of obtaining a ruling on his motion to dismiss the indictment."  He could "show up in the Southern District of Ohio, and the court as promised [would] decide his motion."  Id. at 889.  In United States v. Shalhoub, 855 F.3d 1255 (11th Cir. 2017), the Eleventh Circuit similarly concluded: |

iv

| | |
|---|---|
| | "[n]otwithstanding what the Seventh Circuit has stated on this issue [in <u>Hijazi</u>] . . . we submit that Shalhoub has an adequate remedy: appearance in the district court." <u>Id.</u> at 1265.<br>• There was no motion to dismiss for lack of minimum contacts nor a recusal motion. |
| <u>United States v. Tucor Int'l. Inc.</u>, 35 F. Supp. 2d 1172 (N.D. Cal. 1998) | • Defendant corporation sought to make a special appearance to dismiss indictment, asserting immunity under the Shipping Act of 1984, 46 U.S.C. § 40307.  The district court entertained the application without explanation and granted the motion to dismiss, concluding that "the indictment allege[d] conduct for which defendants are immune from criminal liability." <u>Id.</u> at 1185.<br>• Case is outside the Second Circuit.<br>• Criticized by the Ninth Circuit in <u>In re Pangang Grp. Co.</u>, because the court, "without explanation or critical examination, permitted [a] criminal defendant[] to enter [a] special appearance[] to raise threshold objections."  901 F.3d at 1057–58.<br>• There was no motion to dismiss for lack of minimum contacts nor a recusal motion. |
| <u>United States v. Sinovel Wind Grp. Co.</u>, No. 3:13-cr-00084 (W.D. Wis. Oct. 20, 2017), ECF No. 348 | • Defendant foreign corporation sought to make a special appearance to quash service of indictment, alleging that service of process on counsel for the defendant was insufficient.  The district court entertained the application for a special appearance—which was unopposed—without explanation.  But, the district court denied the motion to quash, concluding that "sending the summons to Sinovel's counsel and filing it on ECF provided the actual notice to Sinovel," and "that nothing more is required under Rule 4(c)(3)(D)." <u>Id.</u> at 18.<br>• Special appearance was not opposed.<br>• Case is outside the Second Circuit.<br>• Criticized by the Ninth Circuit in <u>In re Pangang Grp. Co.</u>, because the court, "without explanation or critical examination, permitted [a] criminal defendant[] to enter [a] special appearance[] to raise threshold objections."  901 F.3d at 1057–58.<br>• There was no motion to dismiss for lack of minimum contacts nor a recusal motion. |
| <u>United States v. Pangang Grp. Co.</u>, 2017 WL 3034063 (N.D. Cal. July 18, 2017) | • Defendant foreign corporation sought to make a special appearance to quash service of indictment, alleging that service on counsel for the defendant was insufficient.  The district court entertained the application for a special appearance—which was unopposed—without explanation.  But, the district court denied the motion to quash, concluding that "the Government served the [foreign corporate] defendants using a 'means that gives notice,'" as required by Rule 4. <u>Id.</u> at *3. |

| | |
|---|---|
| | • Special appearance was not opposed.<br>• Case is outside the Second Circuit.<br>• Special appearance was rejected by the Ninth Circuit in <u>In re Pangang Grp. Co.</u>, 901 F.3d 1046, 1057 (9th Cir. 2018) (finding no "evidence of a longstanding historical practice of allowing special appearances in criminal cases").<br>• There was no motion to dismiss for lack of minimum contacts nor a recusal motion. |
| <u>United States v. Alfred L. Wolff GmbH</u>, No. 1:08-cr-00417, 2011 WL 4471383 (N.D. Ill. Sept. 26, 2011) | • Defendant foreign corporation sought to make a special appearance to quash service of indictment because foreign corporation defendant did not have an address in the United States.  The district court entertained the application without explanation and granted the motion to quash because, "given the facts before the Court, the government ha[d] not met its heavy burden under a veil piercing analysis" to show that the domestic subsidiaries were alter egos of the foreign corporate defendant.  <u>Id.</u> at *4.<br>• The foreign corporate defendants later ceased operations and "sold" their assets to other corporations, and the Government dismissed the indictments against them.<br>• Case is outside the Second Circuit.<br>• Pre-2016 amendment to Rule 4.<br>• There was no motion to dismiss for lack of minimum contacts nor a recusal motion. |
| <u>United States v. Johnson Matthey Plc.</u>, 2:06-cr-00169, 2007 WL 634269 (D. Utah Feb. 26, 2007) and 2007 WL 2254676 (D. Utah Aug. 2, 2007) | • Defendant foreign corporation entered a special appearance on the docket without requesting permission in advance.  Defendant sought to quash service of indictment because it did not have an address in the United States.  The district court granted the motion to quash, concluding that "service upon the subsidiary is not sufficient service on the parent company." 2007 WL 2254676, at * 2.<br>• Special appearance was not opposed.<br>• Case is outside the Second Circuit.<br>• Pre-2016 amendment to Rule 4.<br>• There was no motion to dismiss for lack of minimum contacts nor a recusal motion. |
| <u>United States v. Pub. Warehousing Co.</u>, No. 1:09-cr-00490 (N.D. Ga. Nov. 19, 2009), ECF No. 165 | • Defendant foreign corporation entered a special appearance on the docket without requesting permission in advance.  Defendant sought to quash service of indictment because foreign corporation defendant did not have an address in the United States.  The district court denied the motion to quash, concluding that "enough evidence ha[d] been presented to indicate that Agility Holdings[, a domestic subsidiary,] was the alter ego or conduit of PWC," the foreign corporate defendant.  <u>Id.</u> at 18. |

| | |
|---|---|
| | • Special appearance was not opposed.<br>• Case is outside the Second Circuit.<br>• Pre-2016 amendment to Rule 4.<br>• There was no motion to dismiss for lack of minimum contacts nor a recusal motion. |
| United States v. Swank Corp., 797 F. Supp. 497 (E.D. Va. 1992) | • Defendant (individual) sought to make a special appearance to modify a restraining order to release assets so the defendant could fund his legal defense. The district court entertained the special appearance without explanation. But, the district court substantially denied the request to modify because "[a]ssets that have been targeted and restrained as potentially forfeitable cannot be used to pay legal fees." Id. at 504.<br>• Defendant was an individual, not a corporation.<br>• Case is outside the Second Circuit.<br>• There was no motion to dismiss for lack of minimum contacts nor a recusal motion. |
| United States v. Rafiekian, No. 1:18-cr-457 (E.D. Va. Sept. 24, 2019), ECF. No. 213 | • Defendant (individual) sought to make a special appearance to oppose Government's request for application of the crime-fraud exception. The Government opposed the request for a special appearance because the defendant "has chosen to remain a fugitive and [] forfeit[ed] this opportunity." The district court allowed the defendant "to appear solely for the purposes of the government's motion on the crime-fraud exemption," but did not explain its reasoning. Id. at 3.<br>• Defendant was an individual, not a corporation.<br>• Case is outside the Second Circuit.<br>• There was no motion to dismiss for lack of minimum contacts nor a recusal motion. |
| United States v. Mitchell, 377 F. Supp. 1326 (D.D.C. 1974) | • Former President Richard M. Nixon sought to make a special appearance to quash a subpoena, arguing, among other things, that "court[s] are without authority to rule on the scope or applicability of executive privilege when asserted by the President." Id. at 1329. The district court entertained the application for a special appearance—which was unopposed—without explanation. But, the district court denied Nixon's motion to quash, concluding that the President's contention that the court does not have jurisdiction "is without legal force in this Circuit." Id. The Supreme Court affirmed.<br>• Defendant was an individual, not a corporation.<br>• Special appearance was not opposed.<br>• Case is outside the Second Circuit.<br>• Unique circumstance: the movant was President Richard M. Nixon who sought to quash subpoena seeking production of the Watergate tapes which the special prosecutor sought to use in |

| | |
|---|---|
| | the criminal trial of John Mitchell, the former U.S. Attorney General.<br>• There was no motion to dismiss for lack of minimum contacts nor a recusal motion. |
| United States v. Stein, 435 F. Supp. 2d 330 (S.D.N.Y. 2006) | • Defendant-employees (individuals) sought an order requiring their employer to advance legal defense fees for their criminal prosecution. The employer objected on the ground that the district court did not have personal jurisdiction over the employer as a non-party to the criminal proceedings. The district court stated that it "is arguable that [the employer's] actions before the Court constituted a general appearance," because the employer "has long been well aware of these proceedings" and "attended the hearing and submitted papers." Id. at 378. The district court directed the defendant-employees to file a civil suit against the employer to secure their legal defense fees. It did not adjudicate the motion in the criminal proceeding.<br>• No special appearance was sought.<br>• The employer was not a defendant in the criminal action.<br>• There was no motion to dismiss for lack of minimum contacts nor a recusal motion. |
| Schleifer v. Lexus of Manhattan, 2019 WL 4640055 (S.D.N.Y. 2019) | • Defendant corporation sought to dismiss complaint for lack of personal jurisdiction, alleging that the defendant corporation had been dissolved. In fact, another corporation with a very similar name had been formed to take over the operations of the dissolved entity. The district court denied the motion to dismiss, concluding that the use of "an incorrect variation on a name in a summons and complaint is merely a technical defect" and "is not grounds to dismiss Plaintiff's claims." Id. at *2.<br>• Defendant challenged the court's jurisdiction after appearing.<br>• No special appearance was sought.<br>• Civil case, not a criminal prosecution.<br>• There was no motion to dismiss for lack of minimum contacts nor a recusal motion. |