# Attachment A

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TÜRKIYE HALK BANKASI A.Ş.,<br><br>Defendants. | S6 15 Cr. 867 (RMB) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TÜRKIYE HALK BANKASI A.Ş.'S MOTION TO STAY THE PROCEEDINGS PENDING PETITION FOR MANDAMUS**

<div style="text-align: right;">

Andrew C. Hruska (AH3224)
William F. Johnson
Richard H. Walker
Katherine Kirkpatrick
King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036
(212) 556-2278
ahruska@kslaw.com

*Counsel for Specially-Appearing Defendant
Türkiye Halk Bankasi A.Ş.*

</div>

December 17, 2019

**TABLE OF CONTENTS**

INTRODUCTION AND BACKGROUND ................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.    The Second Circuit Is Likely to Grant Mandamus Relief Because a Special Appearance Is Necessary to Avoid Risk of Waiver on Personal Jurisdiction ....................................... 3

        A.    Personal Jurisdiction and Recusal Are Threshold Issues That Must Be Decided Before Arraignment ............................................................................................................... 4

        B.    The Court of Appeals Will Grant Mandamus to Permit Halkbank to Challenge Threshold Issues Without Risk of Waiver ................................................................... 5

    II.    Halkbank Will Be Irreparably Harmed Should the Matter Proceed While Mandamus Is Pending ................................................................................................................................ 8

    III.    The Public Interest Will Be Served Because a Stay Will Prevent the Violation of Constitutional Rights and the Prosecution Will Not Be Prejudiced ............................... 11

CONCLUSION ............................................................................................................................ 13

# **TABLE OF AUTHORITIES**

**Cases**

*Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326 (2d Cir. 1987).................................................. 5

*Awad v. Ziriax*, 670 F.3d 1111 (10th Cir. 2012).......................................................................... 12

*Brenntag Intern. Chemicals, Inc. v. Bank of India*, 175 F. 3d 245 (2d Cir. 1999) ......................... 8

*Chase Manhattan Bank, N.A. v. Turner & Newall*, *PLC*, 964 F.2d 159 (2d Cir. 1992) ............... 10

*China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579 (S.D.N.Y. 2012) 8

*Hilton v. Braunskill*, 481 U.S. 770 (1987) ............................................................................... 2, 11

*In re Bulger*, 710 F.3d 42 (1st Cir. 2013) .................................................................................... 11

*In re Lott*, 139 F. App'x 658 (6th Cir. 2005) ............................................................................... 10

*In re Rationis Enters., Inc.*, 261 F.3d 264 (2d Cir. 2001) .............................................................. 4

*In re Term Commodities Cotton Futures Litig.*, No. 12-civ-5126, 2013 WL 1907738 (S.D.N.Y. May 8, 2013)............................................................................................................................ 11

*In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659 (2d Cir. 2013)......................................... 4

*In re The City of New York*, 607 F.3d 923 (2d Cir. 2010) ........................................................... 10

*In re United States*, 680 F.2d 9 (2d Cir. 1982) ............................................................................. 3

*In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167 (2d Cir. 2007).................................... 2

*Int'l Harvester Co. v. Kentucky*, 234 U.S. 579 (1914).................................................................. 4

*Int'l Refugee Assistance Project v. Trump*, 857 F.3d 554 (4th Cir. 2017) .................................. 12

*Ligon v. City of New York*, 736 F.3d 118 (2d Cir. 2013)........................................................... 4, 5

*Liljeberg v. Health Svcs. Acquisition Corp.*, 486 U.S. 847 (1988)........................................... 5, 12

*McNamee v. Clemens*, No. 09-cv-01647, 2014 WL 1682025 (E.D.N.Y. Apr. 28, 2014) .............. 2

*Mitchell v. Cuomo*, 748 F.2d 804 (2d Cir. 1984)........................................................................ 10

*Nken v. Holder*, 556 U.S. 418 (2009) ...................................................................................... 2, 11

*Roche v. Evaporated Milk Ass'n*, 319 U.S. 21 (1943).................................................................. 3

*SEC v. Citigroup Global Markets Inc.*, 673 F.3d 158 (2d Cir. 2012) ............................................. 8

*Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83 (1998) ........................................................ 4

*United States v. Adamov*, CR No. 05-129, 2008 WL 1943550 (W.D. Pa. May 2, 2008) ............... 7

*United States v. Amico*, 486 F.3d 764 (2d. Cir. 2007) ................................................................... 4

*United States v. Beadon*, 49 F.2d 164 (2d Cir. 1931) .................................................................... 9

*United States v. Coonan*, 839 F.2d 886 (2d Cir. 1988) ................................................................. 3

*United States v. Dotcom*, No. 1:12-cr-00003 (E.D. Va. Nov. 20, 2012), ECF No. 148 ................. 5

*United States v. Helmsley*, 866 F.2d 19 (2d Cir. 1989) ................................................................. 3

*United States v. Kassian Mar. Navigation Agency, Ltd.*, No. 2:13-cr-00070 (E.D. Va. June 24, 2013), ECF No. 38 ...................................................................................................................... 5

*United States v. Kim*, No. 8:09-cr-00077 (C.D. Cal. Apr. 4, 2011), ECF No. 330 ......................... 6

*United States v. Kolon Indus., Inc.*, No. 3:12-cr-00137 (E.D. Va. Dec. 13, 2012), ECF No. 20 ... 5

*United States v. Maruyasu Indus. Co. Ltd.*, 229 F. Supp. 3d 659 (S.D. Ohio 2017) ...................... 9

*United States v. Pangang Grp. Co.*, No. 4:11-cr-00573 (N.D. Cal. Dec. 21, 2011), ECF No. 46 . 6

*United States v. Prevezon Holdings Ltd.*, 839 F.3d 227 (2d Cir. 2016) ........................................ 3

*United States v. Shalhoub*, 855 F.3d 1255 (11th Cir. 2017) .......................................................... 3

*United States v. Shalhoub*, No. 98-cr-00460, 2016 WL 8943847 (S.D. Fla. Jan. 26, 2016) .......... 6

*United States v. Shimek*, 445 F. Supp. 884 (M.D. Pa. 1978) ......................................................... 7

*United States v. Sinovel Wind Grp. Co.*, No. 3:13-cr-00084 (W.D. Wis. Feb. 21, 2017), ECF No. 187 ........................................................................................................................................ 5

*United States v. Siriwan*, CR 09-81, 2011 WL 13057709 (C.D. Cal. July 28, 2011) ..................... 6

*United States v. Türkiye Halk Bankasi A.Ş.*, No. 1:15-cr-00867-RMB (S.D.N.Y. Dec. 5, 2019), ECF No. 581 .............................................................................................................................. 1

*United States v. Türkiye Halk Bankasi A.Ş.*, No. 1:15-cr-00867-RMB (S.D.N.Y. Dec. 9, 2019), ECF No. 582 .............................................................................................................................. 1

*United States v. Yang*, 144 F. App'x 521 (6th Cir. 2005) .............................................................. 6

**Statutes**

28 U.S.C. § 1292................................................................................................................................ 3

28 U.S.C. § 2466................................................................................................................................ 6

**Other Authorities**

Mem. Regarding Proposed Amendments to Rule 4 from Jonathan J. Wroblewski, Dir., Office of
    Policy and Legislation, U.S. Dep't of Justice, to Judge David M. Lawson, Chair, Subcomm. of
    Advisory Comm. on Crim. Rules (Feb. 20, 2015)....................................................................... 9

## INTRODUCTION AND BACKGROUND

Specially-appearing defendant Turkiye Halk Bankasi A.Ş.'s ("Halkbank" or the "Bank") respectfully submits this memorandum of law in support of its motion to stay proceedings in this Court pending determination of its petition for mandamus in the Second Circuit Court of Appeals.

On December 5, 2019, this Court denied Halkbank's motion to make a special appearance for the limited purpose of filing a motion to dismiss the indictment for lack of personal jurisdiction and a motion for recusal of this Court. *United States v. Türkiye Halk Bankasi A.Ş.*, No. 1:15-cr-00867-RMB (S.D.N.Y. Dec. 5, 2019), ECF No. 581 (Decision). On December 9, 2019, this Court ordered that the Bank appear on February 10, 2020 to show cause why it should not be held in contempt, with briefing to precede, and thereafter to be arraigned. *United States v. Türkiye Halk Bankasi A.Ş.*, No. 1:15-cr-00867-RMB (S.D.N.Y. Dec. 9, 2019), ECF No. 582 (Order).

On December 17, 2019, the Bank filed a petition for mandamus to the Second Circuit, seeking an order directing this Court to allow Halkbank to enter a special appearance. Attachment B. The Bank respectfully requests that this Court stay all proceedings, including the show cause briefing, hearing, and the subsequent arraignment, pending a decision by the Second Circuit on the Bank's mandamus petition.

A stay is essential to protect the Bank from the irreparable harm it would suffer if forced to risk waiving its due process right to be free from the unreasonable exercise of personal jurisdiction by this Court. It would also avoid premature litigation on an issue that may be mooted if the Second Circuit grants the petition for mandamus, further subjecting the Bank and its stakeholders to irreparable harm. A brief stay while the mandamus petition is heard is

1

unlikely to cause injury to the prosecution and will serve the public interest in maintaining the integrity of our legal system and the appearance of fair and impartial administration of justice.

## ARGUMENT

Halkbank's request for a stay should be granted based on the following factors: (1) the Bank's likelihood of success on the merits of its mandamus petition; (2) irreparable injury to the Bank absent a stay; (3) lack of substantial injury to the prosecution; and (4) the public interest in fair and impartial proceedings.  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (footnote omitted); *McNamee v. Clemens*, No. 09-cv-01647, 2014 WL 1682025, at *1 (E.D.N.Y. Apr. 28, 2014) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)) (applying four-factor test where defendant filed a mandamus petition and moved for a stay).  Courts consider these factors as a whole, so a stay will still be appropriate where there is more of one factor and less of another.  *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d at 170.

Each of these factors weighs heavily in favor of a stay pending resolution of Halkbank's petition for a writ of mandamus.  The potential harm to the Bank from waiving its constitutional right to challenge personal jurisdiction strongly tips the balance in favor of a stay.

Halkbank will be irreparably harmed if a stay is not granted, as the Court's denial of the special appearance request effectively requires the Bank to enter a plea at arraignment and submit to this Court's jurisdiction, thus waiving the very rights it seeks to protect.  Furthermore, the prosecution will not be prejudiced by a stay, and the public interests of upholding constitutional protections and preserving judicial resources favors a stay.  Finally, Halkbank has a high probability of success on its petition for mandamus relief because special appearances are commonly used to challenge personal jurisdiction and other threshold issues in criminal cases and the Bank has no other means to obtain relief.

I. **THE SECOND CIRCUIT IS LIKELY TO GRANT MANDAMUS RELIEF BECAUSE A SPECIAL APPEARANCE IS NECESSARY TO AVOID RISK OF WAIVER ON PERSONAL JURISDICTION**

Halkbank has a constitutional right to challenge a court's unreasonable exercise of personal jurisdiction, but this right is conditional. Despite this Court's refusal to acknowledge the prospect of waiver, a defendant can intentionally or inadvertently consent to the personal jurisdiction of a court. A special appearance is the proper way to challenge threshold matters without threat of waiver. Because mandamus is required to compel this Court to allow the Bank's counsel to specially appear and avoid the risk of waiving its constitutional rights, Halkbank's right to mandamus is clear and indisputable.

Mandamus is available for "compelling reasons of usurpation of power, clear abuse of discretion or an issue of first impression." *United States v. Helmsley*, 866 F.2d 19, 22 (2d Cir. 1989), *cert. denied*, 490 U.S. 1004 (1989) (citing *United States v. Coonan*, 839 F.2d 886, 889 (2d Cir. 1988)). Courts have traditionally used the writ of mandamus to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its proper authority. *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943).

Mandamus is particularly necessary in cases like this one which "present exceptional circumstances," have "extraordinary significance," *In re United States*, 680 F.2d 9, 12 (2d Cir. 1982), and involve novel and significant questions of law, including legal issues where resolution will aid in the administration of justice. *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 238 (2d Cir. 2016). Mandamus is also the only means by which the Circuit Court can intervene. Review of a request for special appearance is not directly appealable, not subject to civil certification, and not otherwise subject to review. *See* 28 U.S.C. § 1292; *United States v. Shalhoub*, 855 F.3d 1255, 1261 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 381 (2017).

A. **PERSONAL JURISDICTION AND RECUSAL ARE THRESHOLD ISSUES THAT MUST BE DECIDED BEFORE ARRAIGNMENT**

The Bank is likely to succeed on its mandamus petition because the Second Circuit has a strong record of protecting threshold and jurisdictional rights, both on appeal and through mandamus. *See, e.g.*, *United States v. Amico*, 486 F.3d 764, 775-78 (2d. Cir. 2007) (vacating defendants' convictions and remanding for further proceedings before a different district court judge where the Court's cumulative conduct evidenced bias sufficient to merit recusal on appeal); *Ligon v. City of New York*, 736 F.3d 118, 124 (2d Cir. 2013) (granting city's motion for stay pending appeal of the district court's decision and reassigning case to a different judge based on the appearance of impartiality), *vacated in part*, 743 F.3d 362 (2d Cir. 2014) (internal quotation marks omitted); *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 676 (2d Cir. 2013) (finding no personal jurisdiction over foreign bank under Fifth Amendment Due Process Clause where foreign bank has no substantial U.S. operations).

Halkbank has a constitutional right under the Fifth Amendment's Due Process clause to challenge personal jurisdiction in this case. *See Int'l Harvester Co. v. Kentucky*, 234 U.S. 579, 585-86 (1914) (assessing whether Kentucky state court could exercise personal jurisdiction over criminal corporate defendant indicted under state law). Because a court cannot proceed against a defendant when it lacks personal jurisdiction, the Bank's fundamental right to a fair proceeding requires the determination of jurisdiction as a threshold matter. *In re Rationis Enters., Inc.*, 261 F.3d 264, 267 (2d Cir. 2001) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (citing *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94-95 (1998)).

The Bank also requested a special appearance to move for recusal at the first possible opportunity, in part, because recusal must be raised at the "earliest possible moment" following awareness of the facts underlying the request. *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333-34 (2d Cir. 1987). As the Bank's recusal motion will show, Judge Berman has expressed views both in and out of the courtroom that would cause a reasonable person to question his impartiality. Recusal is appropriate to avoid even the appearance of impropriety whenever possible, and this is especially true where, as here, the Court has made public statements that could lead a reasonable person to question the Court's impartiality. *Liljeberg v. Health Svcs. Acquisition Corp.*, 486 U.S. 847, 865 (1988); *see also Ligon*, 736 F.3d at 124.

### B. THE COURT OF APPEALS WILL GRANT MANDAMUS TO PERMIT HALKBANK TO CHALLENGE THRESHOLD ISSUES WITHOUT RISK OF WAIVER

The Bank's mandamus petition will likely succeed because courts routinely permit criminal defendants to appear on a special and limited basis to challenge threshold issues such as personal jurisdiction. *See, e.g.*, *United States v. Kassian Mar. Navigation Agency, Ltd.*, No. 2:13-cr-00070 (E.D. Va. June 24, 2013), ECF No. 38 (granting foreign corporate defendant's motion to make special appearance to contest personal jurisdiction); *United States v. Dotcom*, No. 1:12-cr-00003 (E.D. Va. Nov. 20, 2012), ECF No. 148 (granting foreign criminal defendant leave to enter limited appearance to move to dismiss indictment for lack of personal jurisdiction based on insufficient service); *United States v. Kolon Indus., Inc.*, No. 3:12-cr-00137 (E.D. Va. Dec. 13, 2012), ECF No. 20 (same). Indeed, we are not aware of a single case in which a foreign corporate defendant has been denied a special appearance.

This Court's denial is contrary to numerous instances in which defendants were permitted to enter a special appearance with no objection from the prosecution. *See, e.g.*, *United States v. Sinovel Wind Grp. Co.*, No. 3:13-cr-00084 (W.D. Wis. Feb. 21, 2017), ECF No. 187; *United*

5

*States v. Pangang Grp. Co.*, No. 4:11-cr-00573 (N.D. Cal. Dec. 21, 2011), ECF No. 46.  Other courts have consistently also granted special appearances to foreign defendants located abroad. *See, e.g.*, *United States v. Siriwan*, CR 09-81, 2011 WL 13057709, at *2 (C.D. Cal. July 28, 2011).

In a small number of very different cases, courts have denied requests for special appearances—a number vastly outweighed by the much larger collection of special appearances that were granted or uncontested, all of which the Bank identified for this Court.  In two cases, the defendant had waived the right to enter a special appearance and, in four instances, the court denied a defendant's request for a special appearance.

The four denials arose in different contexts that are not relevant here.  Two cases were decided under the fugitive disentitlement doctrine which does not apply to Halkbank.  *See United States v. Shalhoub*, No. 98-cr-00460, 2016 WL 8943847, at *2 (S.D. Fla. Jan. 26, 2016), *appeal dismissed*, 855 F.3d 1255 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 381 (2017); *United States v. Kim*, No. 8:09-cr-00077 (C.D. Cal. Apr. 4, 2011), ECF No. 330.  The fugitive disentitlement doctrine has never been applied to deny a foreign corporate defendant a special appearance. Halkbank cannot be a "fugitive" because it is a corporation with no physical body.  The Bank is a corporate defendant that has never been present in the United States, cannot be arrested or extradited, and is therefore not a fugitive.  *United States v. Yang*, 144 F. App'x 521, 523 (6th Cir. 2005) ("On February 2, 2004, a motions panel of this court held that Four Pillars, as a corporate defendant, is not subject to dismissal under the fugitive disentitlement doctrine.").  The Bank can only appear before the court through legal counsel.  In its attempt to apply the doctrine to a corporate entity, this Court applied 28 U.S.C. § 2466, a statute that incorporates the doctrine into asset forfeiture actions in specific circumstances.  By its terms, this provision relates only to

6

forfeiture proceedings. Even in that limited context, it can only be invoked if an individual fugitive is a majority shareholder of a corporate entity. These facts are entirely absent in this case. This doctrine, therefore, had no bearing on the Bank's request.

The other two cases denying a special appearance are likewise inapplicable. In *United States v. Adamov*, a foreign criminal defendant who was charged with misappropriating government funds requested a special appearance to challenge the indictment. CR No. 05-129, 2008 WL 1943550, at *1 (W.D. Pa. May 2, 2008). The defendant filed a motion to dismiss and attempted to use findings made during his co-defendant's sentencing to indicate that the prosecution had failed to prove that the alleged embezzlement had occurred. The court denied the special appearance request, stating that it refused to entertain a factual challenge to the sufficiency of the indictment via special appearance. *Id*. at *3.

In *United States v. Shimek*, the *pro se* defendant, accused of providing false information to the IRS, filed multiple pre-trial motions along with his request for a special appearance to challenge jurisdiction. 445 F. Supp. 884, 887 (M.D. Pa. 1978). The court determined that the *pro se* defendant was actually challenging the "territorial jurisdiction of the Court." *Id*. at 893. Further, the defendant in *Shimek* had already appeared by filing numerous pre-trial motions and a counter complaint, which had been dismissed. For this reason, the court did not even mention personal jurisdiction and did not address due process limitations nor the risk of their waiver.

Unlike the defendants in *Adamov* and *Shimek*, Halkbank is neither seeking to challenge factual issues as part of its motions nor attempting to bring other substantive motions simultaneously with its motions to dismiss for lack of personal jurisdiction and for recusal. Halkbank's sole goal is to efficiently obtain resolution on two threshold legal issues. A special

7

appearance is the routine and correct means for Halkbank to raise these issues, and thus mandamus relief is likely.

## II. Halkbank Will Be Irreparably Harmed Should the Matter Proceed While Mandamus Is Pending

The Bank faces irreparable harm should proceedings in this Court continue while mandamus is pending because, absent a stay, Halkbank risks waiving the very rights it seeks to assert – the Court's December 2019 rulings essentially force the Bank to enter a plea or general appearance or face contempt sanctions. Courts have found irreparable harm where, "but for the grant of . . . relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied." *Brenntag Intern. Chemicals, Inc. v. Bank of India*, 175 F. 3d 245, 249 (2d Cir. 1999) (citations omitted) (affirming grant of buyer's preliminary injunction based on seller's insolvency where errant payment would result in buyer's weakened claims); *SEC v. Citigroup Global Markets Inc.*, 673 F.3d 158, 168 (2d Cir. 2012) (granting stay pending appeal on district court's rejection of a settlement without admission of liability, as that requirement "virtually preclude[d]" a future settlement and forced the parties to go to trial). Halkbank will not be able to return to the position it now occupies in seeking to challenge the Court's jurisdiction without waiving it.

This Court has ordered the Bank to appear on February 10, 2020. Order at 2-3. Unless Halkbank can make a special appearance to contest personal jurisdiction, it risks an eventual ruling that it has waived that argument through a general appearance at arraignment or otherwise. Before the adoption of Civil Rule 12, courts found waiver where civil defendants failed to make a special appearance to contest jurisdiction. *See, e.g., China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 589-90 (S.D.N.Y. 2012). Defendants in the criminal context have even more at stake should they make a general appearance and risk a ruling that

they have accepted the court's personal jurisdiction.  Unlike the Federal Rules of Civil Procedure, the Criminal Rules lack an express rules-based mechanism for defendants to challenge certain threshold issues absent a special appearance.  The 2016 amendments to Criminal Rule 4 provided prosecutors with more flexibility to serve organizations located outside the United States, therefore rendering the need to enter a special appearance contesting notice of the summons unnecessary.  However, amended Criminal Rule 4 did not eliminate the need for special appearances to contest other threshold issues, such as personal jurisdiction.  In fact, the Department of Justice itself acknowledged that criminal defendants could still make special appearances to contest issues such as personal jurisdiction.  *See* Mem. Regarding Proposed Amendments to Rule 4 from Jonathan J. Wroblewski, Dir., Office of Policy and Legislation, U.S. Dep't of Justice, to Judge David M. Lawson, Chair, Subcomm. of Advisory Comm. on Crim. Rules at 2 (Feb. 20, 2015).

      The Bank risks waiving its right to challenge personal jurisdiction if it enters a plea and files a general appearance.  The Second Circuit reached this decision in *United States v. Beadon*, where the court found that personal jurisdiction had been accepted by three corporate defendants because counsel had confirmed their appearances during a pre-trial colloquy.  49 F.2d 164, 167 (2d Cir. 1931).  In *United States v. Maruyasu Indus. Co. Ltd.*, a foreign defendant filed a notice of special appearance, but then proceeded to generally participate in the litigation before contesting the court's jurisdiction.  229 F. Supp. 3d 659 (S.D. Ohio 2017).  The court found that the defendant's participation in the litigation, "including pleading not guilty," amounted to a waiver of personal jurisdiction.  *Id*. at 671.

      Without a stay, Halkbank may be forced to either confront contempt sanctions or to make a general appearance and therefore waive its objection to personal jurisdiction—a right it would

9

lose permanently if the Second Circuit ultimately directed this Court to allow Halkbank's special appearance. This would "virtually preclude" Halkbank from making its personal jurisdictional objections and vindicating its rights if successful. *Citigroup*, 673 F.3d at 168. Courts have found the risk of waiving an important interest constitutes sufficient irreparable harm to warrant a stay. *Cf. In re Lott*, 139 F. App'x 658, 662 (6th Cir. 2005) (granting a stay pending mandamus review of assertion of attorney-client privilege in part because of the irreparable harm that the party could suffer if discovery proceeded and the party disclosed privileged documents); *Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 166 (2d Cir. 1992) (staying district court order to protect attorney-client privilege pending issuance of writ of mandamus). Because the Bank's constitutional due process rights are at stake, no further showing of irreparable injury is necessary. *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984) (internal quotations and citations omitted). Here, Halkbank faces a substantial risk that it will forfeit the constitutional right it was forced to waive by generally appearing.

Moreover, irreparable harm to Halkbank is more severe due to its unique economic role in Turkey. Harm to innocent third parties, including ordinary citizens, provides compelling support for mandamus. *In re The City of New York*, 607 F.3d 923, 936 (2d Cir. 2010) (granting mandamus to prevent disclosure of undercover police reports because of potential threat to safety of New York civilians). Halkbank's indictment has already had a negative impact on the Turkish economy and the small businesses Halkbank finances. Halkbank's further deterioration would harm the Turkish economy and risk leaving these clients without a lender while also having a negative impact on the bilateral relations between the United States and the Republic of Turkey. The more quickly this issue is resolved, the sooner Halkbank can mitigate the harm to its customers and partners.

Finally, if proceedings are not stayed, but mandamus is ultimately granted and Halkbank is granted leave to file its motion for recusal, nothing could redress the harm Halkbank would face from losing the opportunity to be heard by an impartial arbiter from the very beginning of the proceedings against it.  Damage to the judicial system alone is sufficient to show irreparable harm.  *See In re Bulger*, 710 F.3d 42, 49 (1st Cir. 2013).  A judge's impartiality in any case—and especially a case like this one with extensive media coverage—is essential to the public's confidence in the judiciary.  Thus, a stay is warranted until the Second Circuit has ruled on the mandamus petition.

### III. THE PUBLIC INTEREST WILL BE SERVED BECAUSE A STAY WILL PREVENT THE VIOLATION OF CONSTITUTIONAL RIGHTS AND THE PROSECUTION WILL NOT BE PREJUDICED

The third and fourth factors in considering whether to grant a stay—weighing prejudice to the government and benefit to the public interest—merge when the government is the opposing party.  *Nken*, 556 U.S. at 1762.  The prosecution is unlikely to suffer injury or prejudice from a delay as there is no risk of evidence becoming stale or witness memories fading.  In any event, these are "usual litigation risks that affect . . . parties equally." *In re Term Commodities Cotton Futures Litig*., No. 12-civ-5126, 2013 WL 1907738, at *7 (S.D.N.Y. May 8, 2013).  A short delay will not interfere with the prosecution's ability to present its evidence, which it has already introduced in related litigation.  In fact, staying proceedings until the special appearance issue is addressed will ensure efficient use of the prosecution's limited resources and obviate duplicative efforts before different judges.

Further, because the prosecution does not allege any ongoing legal violations, there is no risk that granting a stay will allow continued violations of U.S. law.  *Cf. Braunskill*, 481 U.S. at 777 (holding that it is appropriate for courts to consider the "risk that [a] prisoner will pose a

11

danger to the public" in determining whether to issue a stay of a defendant's sentence pending appeal).

Additionally, the public interest will be served by the stay as it will ensure a process to protect the assertion of constitutional rights. *Awad v. Ziriax*, 670 F.3d 1111, 1132 (10th Cir. 2012) ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights.") (internal citations omitted); *Int'l Refugee Assistance Project v. Trump*, 857 F.3d 554, 604 (4th Cir. 2017), *vacated on other grounds sub nom. Trump v. Int'l Refugee Assistance*, 138 S. Ct. 353 (2017) ("[W]hen we protect the constitutional rights of the few, it inures to the benefit of all.").

Along with protecting the Bank's constitutional rights, a stay will prevent the unnecessary expenditure of scarce judicial resources and will preserve confidence in the integrity of the judiciary. Reasonable questions about the impartiality of a judge undermine confidence in the judiciary. *See Liljeberg*, 486 U.S. at 865. We respectfully submit that an objective observer fully informed of the facts would question this Court's impartiality towards Halkbank. Thus, allowing the Court to continue presiding over Halkbank's case while the mandamus petition is pending would harm the public's confidence in the judiciary. The public interest benefits from a stay, which will safeguard confidence in the judiciary while mandamus is pending.

danger to the public" in determining whether to issue a stay of a defendant's sentence pending appeal).

Additionally, the public interest will be served by the stay as it will ensure a process to protect the assertion of constitutional rights. *Awad v. Ziriax*, 670 F.3d 1111, 1132 (10th Cir. 2012) ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights.") (internal citations omitted); *Int'l Refugee Assistance Project v. Trump*, 857 F.3d 554, 604 (4th Cir. 2017), *vacated on other grounds sub nom. Trump v. Int'l Refugee Assistance*, 138 S. Ct. 353 (2017) ("[W]hen we protect the constitutional rights of the few, it inures to the benefit of all.").

Along with protecting the Bank's constitutional rights, a stay will prevent the unnecessary expenditure of scarce judicial resources and will preserve confidence in the integrity of the judiciary. Reasonable questions about the impartiality of a judge undermine confidence in the judiciary. *See Liljeberg*, 486 U.S. at 865. We respectfully submit that an objective observer fully informed of the facts would question this Court's impartiality towards Halkbank. Thus, allowing the Court to continue presiding over Halkbank's case while the mandamus petition is pending would harm the public's confidence in the judiciary. The public interest benefits from a stay, which will safeguard confidence in the judiciary while mandamus is pending.

## CONCLUSION

For the foregoing reasons, this Court should grant the motion to stay pending the Second Circuit's ruling on Halkbank's mandamus petition.

Dated: December 17, 2019

Respectfully submitted,

KING & SPALDING LLP
Andrew C. Hruska
William F. Johnson
Richard Walker
Katherine Kirkpatrick
1185 Avenue of the Americas
35th Floor
New York, New York 10036
Tel: (212) 556-2100
Fax: (212) 556-2222

*Attorneys for Specially-Appearing Defendant Halkbank*

13