# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 35th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Andrew C. Hruska
Partner
Direct Dial: +1 212 556 2278
Direct Fax: +1 212 556 2222
ahruska@kslaw.com

December 23, 2019

**VIA HAND DELIVERY**

Honorable Richard M. Berman, U.S.D.J.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

   Re: **United States v. Türkiye Halk Bankasi A.Ş., a/k/a/ "Halkbank"**
      **U.S. District Court for the Southern District of New York**
      **No. 1:15-cr-00867-RMB**

Dear Judge Berman:

  Türkiye Halk Bankasi A.Ş. ("Halkbank" or the "Bank") submits this letter in response to the prosecution's letter to the Court dated December 19, 2019. *United States v. Türkiye Halk Bankasi A.Ş.*, No. 1:15-cr-00867-RMB (S.D.N.Y. Dec. 19, 2019), ECF No. 584 ("Gov't Ltr.").

  While the prosecution acknowledges that "personal jurisdiction *can* be waived," Gov't Ltr. at 3 (emphasis in original), the Court has already issued its ruling that Halkbank cannot challenge personal jurisdiction at all. Instead, while the Court has invited Halkbank to "litigate recusal and jurisdiction following arraignment," Decision at 22, *United States v. Türkiye Halk Bankasi A.Ş.*, No. 1:15-cr-00867-RMB (S.D.N.Y. Dec. 5, 2019), ECF No. 581 – notably the Court does not specify that Halkbank may challenge *personal* jurisdiction – the Court has already ruled that "it is improper to make a personal jurisdiction motion based on the absence of minimum U.S. contacts in a criminal case." *Id.* at 16. Because the Court has already foreclosed Halkbank's opportunity to make its personal jurisdiction motion at all, the mandamus petition is both timely and ripe – and necessary to preserve the waivable right to contest personal jurisdiction.

Halkbank's mandamus petition is also likely to succeed. As detailed in the Bank's memorandum of law, the Second Circuit has a strong record of protecting threshold and jurisdictional rights, both on appeal and through mandamus. Although this case presents a novel issue in the Second Circuit, the Seventh Circuit has granted mandamus in a similar case to allow a foreign defendant to seek the pre-arraignment dismissal of an indictment. *In re Hijazi*, 589 F.3d 401, 414 (7th Cir. 2009). The prosecution in *Hijazi* argued that a writ of mandamus should not be available because the defendant could obtain the desired relief by showing up in court and making a general appearance. This is the same argument adopted by the District Court here. But the *Hijazi* court of appeals rejected that argument. *Id.* at 407. The court found that the "ordinary proceedings" of making an appearance and entering a plea did not provide the defendant with an adequate remedy and that the relief he was requesting was "well within the power of the district court." *Id.* at 408.

Halkbank's request for a stay should be granted, as it satisfies all of the requisite factors, as detailed in the Bank's memorandum of law. The prosecution argues that Halkbank will not suffer irreparable harm because its personal jurisdiction argument will not be waived by an appearance and that, in any event, Halkbank can appeal its conviction or a contempt order. Halkbank has a constitutional right to challenge a court's unreasonable exercise of personal jurisdiction, but this right is conditional. *Int'l Harvester Co. v. Kentucky*, 234 U.S. 579 (1914). The prosecution's present stated intention not to assert at a later time that the Bank has waived its jurisdictional challenge does not eliminate the very credible threat of waiver, as each court must assess for itself whether jurisdiction exists, and a district court's determination on that point does not bind the appellate court. *See Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006). Thus, neither the Prosecution nor this Court can guarantee Halkbank would not waive its argument by first generally appearing.

In support of its contention that there is no risk of waiver, the prosecution fails to distinguish *United States v. Beadon*, 49 F.2d 164 (2d Cir. 1931) and *United States v. Maruyasu Indus. Co.*, 229 F. Supp. 3d 659 (S.D. Ohio 2017). *Beadon* clearly addresses waiver of personal

jurisdiction.[1] This Court's own characterization of *Beadon* that "[d]efendants challenged the court's jurisdiction after appearing" *United States v. Türkiye Halk Bankasi A.Ş.*, No. 1:15-cr-00867-RMB (S.D.N.Y. Dec. 5, 2019), ECF No. 581 (Decision, App. B, at i), appropriately reflects that the *Beadon* court found that the attorneys' voluntary appearance on behalf of defendants established jurisdiction over them. The Second Circuit affirmed those convictions, despite defendants challenging personal jurisdiction, precisely because "the record showed that they had appeared by attorneys." *Beadon*, 49 F.2d at 166.

The prosecution argues yet again that *Maruyasu* did not find that the defendant had waived its personal jurisdiction argument, but this is wrong. In *Maruyasu*, the court explicitly wrote that, "by appearing and participating in the litigation, Maruyasu [had] consented to the Court's personal jurisdiction over it." *Maruyasu Indus. Co.*, 229 F. Supp. 3d at 671.

Not only is the prosecution wrong about the existence of persuasive authority supporting the risk of waiver, the prosecution does not cite to any other contrary case law that would squarely take this risk off the table. Because of the clear risk of waiver, compounded by the Court's denial that the right the Bank seeks to assert even exists, Halkbank has filed a petition for mandamus regarding this Court's denial of a special appearance.

The likelihood of irreparable harm which would result from waiver strongly tips the balance of factors in Halkbank's favor. The fact that the Bank's constitutional due process rights are at stake, *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984), coupled with the ongoing and escalating financial harm to the Bank exceeds the requirement for a showing of irreparable harm.

As detailed above and in its memorandum of law, Halkbank also has a high likelihood of success on the merits. The motion to stay is likely to be successful as the Second Circuit will likely grant the Bank's petition for mandamus on the special appearance issue related to personal jurisdiction.

The prosecution complains that Halkbank has not yet provided this Court with the ability to evaluate the success of its recusal motion and thus has deprived the Court of the ability to evaluate its success on the merits. However, for the purposes of the Bank's motion to stay,

---

[1] *Beadon* was decided before Rule 43 was adopted, and thus *Beadon* makes no mention of that rule. Rather, the question, linked heavily to service throughout the discussion, was about personal jurisdiction.

evaluating success on the merits does not require the Bank to preview its recusal arguments. Recusal is linked to the special appearance and the Bank's eventual motion challenging personal jurisdiction, and the Bank will seek recusal only to ensure it receives fair review of its motion to dismiss.

Contrary to the prosecution's assertion that Halkbank is delaying proceedings, Halkbank is attempting to obtain the most efficient resolution to this matter by filing a motion to dismiss. However, it must first ensure that it will not waive its constitutional rights by doing so. The prosecution on the one hand charges Halkbank with delay tactics and, on the other, seeks to avoid complying with the Court's timetable for filing its brief on the entirely unrelated contempt issues. The Bank's requested stay would accomplish a similar effect to the prosecution's request for adjournment by postponing the contempt hearing and subsequent arraignment until the Second Circuit has issued its ruling.

Finally, contrary to the prosecution's claim that a stay is premature, the Bank's request is timely because it seeks to avoid the risk of irreparable harm that could occur as soon as early February, when this Court has set a hearing date on contempt charges and arraignment thereafter. A general appearance at arraignment would risk waiver of the Bank's personal jurisdiction argument,[2] and the Bank's failure to appear could lead to contempt sanctions. Both options would lead to harm – harm that would be irreparable if the Bank's appearance resulted in a waiver of its jurisdictional claim and manifestly unfair if it were subjected to contempt for seeking to preserve this claim. As such, the Bank's request for a stay is timely.

\*   \*   \*   \*   \*

---

[2] The prosecution makes unsupported factual assertions outside the indictment that attempt to link Halkbank to Iran and its "state sponsorship of terrorism, weapons of mass destruction programs, and other murderous and globally destabilizing activities." Gov't Ltr. at 2, n. 1. This inaccurate and inflammatory rhetoric has no relevance to the limited procedural issue before the court, and appears to be a further attempt to provide prejudicial fodder for this Court and the media. As the prosecution itself stated: "Purported foreign affairs implications do not alter the application of clear law or warrant treating Halkbank differently from any other party before the Court." Gov't Ltr. at 4, n. 3.

For the foregoing reasons and the reasons set forth in Halkbank's prior motion, this Court should grant Halkbank's request to stay proceedings pending the Second Circuit's ruling on the Bank's mandamus petition.

Respectfully,

*Andrew Hruska* (AB)

Andrew C. Hruska

By E-Mail:

Michael Dennis Lockard, Esq.
Sidhardha Kamaraju, Esq.
David William Denton, Jr., Esq.
Jonathan Rebold, Esq.
Kiersten Fletcher, Esq.
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

By Hand:

Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
Courtroom 17B
500 Pearl St.
New York, New York 10007