```
                                    USDC SDNY
                                    DOCUMENT
                                    ELECTRONICALLY FILED
                                    DOC #:_____
                                    DATE FILED: 12/26/2019
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                    Government,                  **DECISION & ORDER**

      -against-                                      S6 15 CR 867 (RMB)

TÜRKİYE HALK BANKASI A.S.,
    a/k/a "Halkbank,"

                    Defendant.
------------------------------------------------------------X

The Court, having carefully reviewed the record in these proceedings, including the motion of Halkbank, dated December 17, 2019, and the reply, dated December 23, 2019, for a stay of any further proceedings and the Government's opposition to a stay, dated December 19, 2019, **respectfully denies Halkbank's motion.**[1] Simply stated, the Court rejects Halkbank's efforts to avoid and delay appropriate district court proceedings. "Halkbank has two reasonable choices: it can either appear in a U.S. court to raise any legitimate defense or it can choose not to appear and face any attendant risks." Decision & Order, dated Dec. 5, 2019, at 18; see also United States v. Buck, No. 13 CR 282 (VM), 2015 WL 195872, at *3 (S.D.N.Y. Jan. 9, 2015) (The defendant "is not entitled to receive any potentially favorable rulings from this Court if [it] is unwilling to stand for and face the consequences of any potentially unfavorable rulings.").[2]

---

[1] Any arguments or issues raised by the parties but not specifically addressed herein have been considered by the Court and rejected.

[2] Halkbank sought mandamus following issuance of the Court's Order, dated December 9, 2019, scheduling a show cause hearing for February 10, 2020 as a result of Halkbank's failure to appear and respond to the criminal Indictment. See modifications to the SDNY schedule to accommodate possible Second Circuit briefing at page 5 infra.

1

**A Stay is Unwarranted**

Halkbank is not likely to succeed on the merits in part because there is simply no evidence of "a longstanding historical practice of allowing special appearances in criminal cases." In re Pangang Grp. Co. LTD., 901 F.3d 1046, 1057 (9th Cir. 2018); see also Decision & Order, dated Dec. 5, 2019 at 18. More importantly, Halkbank has no legal basis in this criminal case for a personal jurisdiction motion based upon the alleged absence of minimum U.S. contacts. See Decision & Order, dated Dec. 5, 2019, at 16; see also United States v. Bodmer, 342 F. Supp. 2d 176, 188 (S.D.N.Y. 2004) (**"[T]he issue of 'minimum contacts' does not arise in criminal cases."**). (Emphasis added.) Rather, "[a] federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law." United States v. Rendon, 354 F.3d 1320, 1326 (11th Cir. 2003) (citing United States v. Alvarez-Machain, 504 U.S. 655, 659–70 (1992)).

Halkbank will not be irreparably injured by the absence of a stay and, in fact, has proffered no injury other than that of its own making. Halkbank stands in violation of two court orders to appear for arraignment. On October 23, 2019, for example, the Court found that "Halkbank has willfully and knowingly disobeyed the Court's order in the First Summons to appear at the First Conference." Order, dated Oct. 23, 2019, at 3. The Court has also made it crystal clear that it will take up Halkbank's jurisdictional and recusal motions following arraignment. Decision & Order, dated Dec. 5, 2019, at 22 ("Halkbank faces no prejudice because it is entitled to litigate recusal and jurisdiction following arraignment.").

Issuance of a stay would impede the speedy adjudication of Halkbank's alleged role as facilitator of a $20 billion conspiracy to evade U.S. sanctions against Iran. The U.S. has spent the last two years negotiating a settlement with Halkbank and King & Spalding, as their counsel,

relating to Halkbank's alleged misconduct during the period 2010 and 2016. See Eric Lipton, U.S. Sought Bank Deal After Appeals From Turkey, N.Y. Times, Oct. 17, 2019, at A13 ("[T]he criminal charges were filed only after more than a year of interventions by President Recep Tayyip Erdogan of Turkey and other senior officials of his government, as well as lawyers and lobbyists working in New York and Washington on Turkey's behalf, to try to avoid a criminal prosecution of the bank."). Halkbank was indicted on October 17, 2019, which was a year and a half after Halkbank's Deputy General Manager for International Banking, Mehmet Hakan Atilla, was convicted following a jury trial of similar charges, including conspiracy to defraud the United States, conspiracy to violate the International Emergency Economic Powers Act, bank fraud, conspiracy to commit bank fraud, and conspiracy to commit money laundering. The public has a strong interest in the prompt adjudication of the case against Halkbank. See Flanagan v. United States, 465 U.S. 259, 264–65 (1984).[3]

**No Prejudice to Halkbank**

The Court's Decision & Order, dated December 5, 2019, ensures that Halkbank will suffer no loss of rights by responding to the Indictment. "Even though the Court rejects Halkbank's request to make a special appearance, Halkbank faces no prejudice because it is entitled to litigate recusal and jurisdiction following arraignment." Decision & Order, dated Dec. 5, 2019, at 22. And, Halkbank is, of course, entitled to challenge the result in any appeal from a final judgment. See e.g. Linde v. Arab Bank, PLC, 706 F.3d 92, 117 (2d Cir. 2013).

Halkbank's motion for a stay of all proceedings pending mandamus is also subject to the

---

[3] And, the judiciary has a strong interest in avoiding piecemeal litigation. Id. at 263–264. "[The] final judgment rule requires that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits. . . . [T]his policy is at its strongest in the field of criminal law." Id. at 263–64 (internal quotation marks and citations omitted); see also United States v. Martirossian, 917 F.3d 888, 890 (6th Cir. 2019).

3

principle that failing to appear at arraignment (or absconding during the course of ongoing criminal proceedings) "disentitles [the] defendant to call upon the resources of the court for determination of [its] claims while [it] remains a fugitive." See Decision & Order, dated Dec. 5, 2019, at 24. "Federal courts do not play 'catch me if you can.'" Id. at 24–25.

Halkbank failed to appear for arraignment with full knowledge and notice of the charges in the Indictment (and of the related Atilla and Zarrab cases). See Decision & Order, dated Dec. 5, 2019, at 3–5; see also Gov. Letter, dated Nov. 4, 2019, at 1. The fugitive disentitlement doctrine exists to encourage compliance with the law and to protect against "'attempt[s] to invoke from a safe distance only so much of a United States court's jurisdiction as might secure . . . a dismissal while carefully shielding [itself] from the possibility of a penal sanction.'" See United States v. Hayes, 118 F. Supp. 3d 620, 626 (S.D.N.Y. 2015) (brackets omitted) (quoting Collazos v. United States, 368 F.3d 190, 200 (2d Cir. 2004)); see also Niemi v. Lasshofer, 728 F.3d 1252, 1255 (10th Cir. 2013).

**Halkbank's New Claim**

The Court is aware that Halkbank's stay motion includes an argument that was not mentioned in its earlier motion seeking a special appearance. That is, Halkbank now appeals on behalf of itself, its customers, and the citizens of Turkey. "Halkbank's further deterioration would harm the Turkish economy and risk leaving [its] clients without a lender while also having a negative impact on the bilateral relations between the United States and the Republic of Turkey." Def. Mem. in Support of Motion to Stay, dated Dec. 17, 2019, at 10.

At the same time, Halkbank fails to point out that its economic problems may have predated the Indictment, and that mitigation of any economic and reputational damage may best be assured by Halkbank's speedy response to the criminal charges. (See, e.g., Ishaan Mital,

4

Moody's Downgrades Halkbank's Local-Currency Deposit Rating to Ba2, S&P Global Market Intelligence, Dec. 18, 2017); see also Govt Letter to the Court, dated Dec. 19, 2019, at 4 ("[I]t is Halkbank's own failure to comply with the summonses that is delaying the proceedings.").

**Conclusion & Order**

For the reasons set forth above, Halkbank's motion to stay further proceedings is denied.

\* \* \*

The Court modifies its schedule in order to accommodate any proceedings in the Second Circuit, as follows:

Submission of Government's brief (SDNY) is extended to January 21, 2020 (noon);

Submission of Halkbank's opposition brief (SDNY) is extended to February 4, 2020 (noon);

Government's reply brief (if any) may be filed by February 6, 2020 (noon); and

SDNY show cause hearing to be held on February 25, 2020 at 10:00 a.m. in Courtroom 17B.

Dated: December 26, 2019
New York, New York

_____
**RICHARD M. BERMAN**
**U.S.D.J.**