*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 1, 2020

**BY ECF**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    <u>United States v. Turkiye Halk Bankasi, A.S.</u>,
             S6 15 Cr. 867 (RMB)

Dear Judge Berman:

      The Government writes with respect to the letter from counsel for the defendant, Turkiye Halk Bankasi, A.S. ("Halkbank"), dated May 29, 2020 requesting a 45-day adjournment of the conference scheduled for June 8, 2020.

      The Government respectfully suggests that the Court keep the June 8, 2020 conference for purposes of a status conference. Halkbank's request for an adjournment is based on travel restrictions preventing counsel from meeting in-person in Turkey to address, among other things, Halkbank's anticipated motion for recusal. (*See generally, e.g.*, Dkt. Entry Nos. 570, 577, 579, 585, 587; Mar. 31, 2020 Tr. at 9-10). Although replacement counsel's preference for in-person meetings with Halkbank is understandable under normal circumstances, it is also the case that the Court and the parties have had to adapt to the challenges presented by the COVID-19 pandemic, including by substituting telephone or video-conferencing for in-person meetings. Indeed, as the Court is aware, pursuant to the protocol adopted in this District, important criminal proceedings regularly occur by phone or video-conference, including guilty pleas and sentencings. *See, e.g.*, Standing Order, *In re: Coronavirus/COVID-19 Pandemic (Video Teleconferencing and Telephone Conferencing for Criminal Proceedings*), 20 MC 176 (CM) (Mar. 30, 2020). Moreover, due to precautions, such as shelter-in-place orders and restrictions on visits to Bureau of Prisons facilities, necessary consultations in connection with such important criminal proceedings often occur by telephone or video-conference. Similarly, in this case, while the Government certainly understands new counsel's desire to meet in person with Halkbank executives to discuss the advisability of a recusal motion, that desire should not continue to delay this case.

      That is particularly so given the already substantial delays in this case. Even though the superseding indictment charging Halkbank was filed on October 15, 2019, the bank's arraignment did not occur until nearly six months later, on March 31, 2020, principally because of the bank's

steadfast to refusal to acknowledge service of process, litigation concerning its request to be permitted to make a limited appearance, and its initiation of mandamus proceedings (which was ultimately rejected by the Second Circuit). Moreover, given the uncertainty of the possibility of travel in the future, there is no way to know when it may be safe for defense counsel to travel the Turkey, thus effectively delaying this case indefinitely. Rather than further delay the case without any foreseeable end point, the Government respectfully submits that the more prudent course is to address the matters that can more readily be accomplished remotely, such as routine motion practice. Accordingly, the Government request that the June 8 conference proceed and that at that conference, the Court set a motion schedule.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

by: ___/s/_____
Michael D. Lockard/Sidhardha Kamaraju/David W. Denton, Jr./Jonathan E. Rebold/Kiersten A. Fletcher
Assistant United States Attorneys
(212) 637-2193/-6523/-2744/-2512/-2238

cc: Counsel of record (by ECF)