

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 13, 2020

**BY ECF**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    <u>United States v. Turkiye Halk Bankasi, A.S.,</u>
            **S6 15 Cr. 867 (RMB)**

Dear Judge Berman:

      The Government writes pursuant to the Court's Order (Dkt. 681), directing the Government to respond to the defendant's letter, dated October 9, 2020, "request[ing] that the Court vacate all pretrial, trial, and related deadlines." (Dkt. 680) Halkbank's application overstates the significance of filing an unsupported interlocutory notice of appeal, and makes no effort whatsoever to demonstrate that a discretionary stay is warranted. Accordingly, the Government opposes Halkbank's request.

      Halkbank's contention that its notice of appeal automatically divests this Court of jurisdiction during the pendency of its appeal is incorrect. "The divestiture of jurisdiction rule is . . . not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy. . . . Hence, its application is guided by concerns of efficiency and is not automatic." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). Courts in this Circuit have been rightly hesitant to assume that they are divested of jurisdiction simply because a losing party chooses to run to the Second Circuit, recognizing that "the right of immediate appeal becomes a tempting procedure for a disappointed litigant, for the simple act of filing a notice of appeal gives rise to an argument that all proceedings in the district court must stop." *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 140 (S.D.N.Y. 2007); *see also City of New York v. Beretta U.S.A. Corp.*, 234 F.R.D. 46, 51 (E.D.N.Y. 2006) ("A defendant raising a meritless claim of a right not to stand trial cannot be permitted to significantly delay and disrupt the course of the litigation, imperiling both the rights of the plaintiff and the interest in judicial economy generally served by application of the final judgment rule."). Accordingly, consonant with the need to avoid "the delays and disruptions attendant upon intermediate appeal [that] are especially inimical to the effective and fair administration of the criminal law," *Di Bella v. United States*, 369 U.S. 121, 126 (1962), it is well-established that "[w]hatever the superficial attractiveness of a per se rule that filing of a notice of appeal automatically divests the district court of jurisdiction as to matters covered by the notice,

such a rule is subject to abuse, and our application of the divestiture rule must be faithful to the principle of judicial economy from which it springs," and the rule does not permit "a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on [the Court of Appeals] the power to do nothing but dismiss the appeal." *Rodgers*, 101 F.3d at 251–52.

In this case, divestiture does not make sense, because Halkbank's appeal does not meet the narrow criteria permitting interlocutory appeal of a collateral order. The Foreign Sovereign Immunities Act ("FSIA") does not provide a statutory right to an interlocutory appeal, and thus, Halkbank can only appeal prior to a final judgment pursuant to the "collateral order" exception. Consistent with the Supreme Court's instruction that courts "interpret[] the collateral order exception with the utmost strictness in criminal cases," *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989) (internal quotation marks omitted), however, the Second Circuit has long "rejected interlocutory appeals of orders in criminal cases denying dismissal on grounds of subject matter jurisdiction." *United States v. Levy*, 947 F.2d 1032, 1034 (2d Cir. 1991). In criminal cases, interlocutory appeals have only been permitted in four contexts: "motions to reduce bail, motions to dismiss on double jeopardy grounds, . . . motions to dismiss under the Speech or Debate Clause," *Midland Asphalt*, 489 U.S. at 799, and orders for the forced medication of a defendant, *Sell v. United States*, 539 U.S. 166, 177 (2003). None of these circumstances apply here. Halkbank's reliance on cases allowing interlocutory appeals of denials of immunity under the FSIA in *civil* cases is unavailing. Not only does Halkbank's citation to civil cases ignore the Second Circuit's admonition that "[i]n criminal cases, the final judgment rule is at its strongest," *United States v. Robinson*, 473 F.3d 487, 490 (2d Cir. 2007) (quoting *United States v. Wallach*, 870 F.2d 902, 905 (2d Cir.1989)); it also ignores this Court's fundamental conclusion that the "FSIA does not appear to grant immunity in criminal proceedings." (Dkt. 674 at 7). Thus, unlike in civil cases, in a criminal case the FSIA provides no "explicit statutory or constitutional guarantee that trial will not occur," *Midland Asphalt*, 489 U.S. at 801, warranting an immediate appeal. It is therefore unsurprising that Halkbank cites no case authorizing an interlocutory appeal in a *criminal* case of a denial of immunity under the FSIA, and at least one court has explicitly rejected such a premature appeal. *See* Per Curiam Order, *In re Grand Jury Subpoena,* No. 18-3068 (D.C. Cir. October 3, 2018) (granting Government's motion to dismiss interlocutory FSIA appeal in criminal contempt case for lack of appellate jurisdiction); *In re Grand Jury Subpoena,* 912 F.3d 623, 626 (D.C. Cir. 2019) (reviewing denial of FSIA immunity only after entry of final contempt order, noting that the "Corporation took an immediate appeal, which an earlier panel of this court dismissed for lack of appellate jurisdiction"); *cf. United States v. Noriega*, 117 F.3d 1206, 1211-12 (11th Cir. 1997) (addressing claims of head-of-state immunity only on appeal from final judgment of conviction).

Halkbank requests in the alternative that the Court stay these proceedings, but offers no basis for such a stay nor makes any mention of the traditional factors to be considered before a stay can be entered. Because "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion," *Nken v. Holder*, 556 U.S. 418, 433–34 (2009), Halkbank's failure to provide such justification is fatal to its alternative request. In any event, given that Halkbank's appeal pursuant to the collateral order exception both far exceeds the limited scope of that rule and is substantively meritless, Halkbank cannot show that it has a likelihood of

success, and thus, a stay is not warranted. *See id*. at 426 (identifying likelihood of success as one of the factors that the Court should consider in deciding whether to impose a stay).

No interest of judicial economy would be served by allowing Halkbank to bring a premature halt to these proceedings simply by filing its third appeal in this case in less than a year. Pretrial filings in this case are not due for approximately ten weeks, and Halkbank is free to seek expedited consideration of its appeal from the Second Circuit in the meantime. The routine matters of pretrial administration that will arise in the interim, such as the entry of protective orders or setting a schedule for additional filings, do not implicate Halkbank's novel attempt to extend a civil immunity to the criminal context, and the Court can address them efficiently without risking the "confusion or waste of time resulting from having the same issues before two courts at the same time" that animate the divesture rule in the first place. *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989). By contrast, the well-accepted limits on interlocutory appeals—and the concomitant power of the district court to retain jurisdiction where doing so would promote the potent interests the final judgment rule specially protects in criminal cases—are designed to prevent exactly the pattern of delay Halkbank has engaged in. Rather than proceed to trial on the merits, Halkbank has sought at every turn to delay these proceedings and prevent this Court from advancing the litigation to its just conclusion. The Court should no more countenance that position now than it did in rejecting Halkbank's previous unsupported attempts to do so. Accordingly, because this Court has the power to retain jurisdiction during the pendency of a meritless appeal from a non-final order, Halkbank's application to vacate all pending deadlines in this case should be denied.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

by:  \_\_\_\_*/s/*_____
Michael D. Lockard / Sidhardha Kamaraju / David W. Denton, Jr. / Jonathan Rebold / Kiersten Fletcher
Assistant United States Attorneys

cc: Counsel of record (by ECF)