LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

ROBERT M CARY
(202) 434-5175
rcary@wc com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 13, 2020

<u>Via ECF</u>

Hon. Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Türkiye Halk Bankasi A.Ş.*, S6 15 Cr. 867 (RMB)

Dear Judge Berman:

      We submit this reply in support of our letter motion asking this Court to vacate pretrial, trial, and related deadlines pending Halkbank's immunity appeal. *See* ECF Nos. 680, 682.[1]

      The government does not dispute that a proper appeal on immunity grounds, including in a criminal case, divests a district court of jurisdiction to proceed pending appeal. The government's only argument that this Court is not divested of jurisdiction is that Halkbank's appeal is procedurally improper because it does not fall within the collateral order exception to the final judgment rule. *See* ECF 682 at 1-2. This position is meritless; Halkbank's appeal on foreign sovereign immunity grounds plainly satisfies the collateral order doctrine.

      An interlocutory order is immediately appealable under the collateral order doctrine if it (1) "conclusively determine[s] the disputed question," (2) "resolve[s] an important issue completely separate from the merits of the action," and (3) is "effectively unreviewable on appeal from a final judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989). Courts have uniformly held that denials of motions to dismiss due to immunity from suit meet this standard, both in the civil and criminal context. *Kensington Int'l Ltd. v. Itoua*, 505 F.3d 147, 153 (2d Cir. 2007) (denial of FSIA immunity justifies immediate appeal); *Mitchell v. Forsyth,* 472 U.S. 511, 529 (1985) (denial of qualified immunity as a matter of law justifies immediate appeal); *Abney v. United States,* 431 U.S. 651, 659-60 (1977) (denial of double jeopardy immunity justifies immediate appeal); *Helstoski v. Meanor*, 442 U.S. 500, 506 (1979)

---

[1] Neither this motion nor the notice of appeal withdraws Halkbank's petition for mandamus on recusal. Halkbank continues to object to this case proceeding until the recusal issue has been fully and finally decided.

WILLIAMS & CONNOLLY LLP
October 13, 2020
Page 2

(denial of Speech or Debate Clause immunity from criminal prosecution justifies immediate appeal).

While the government cites to the Supreme Court's statement in *Midland Asphalt* that courts "interpret[] the collateral order exception with the utmost strictness in criminal cases," the government omits that the Court identified as the crucial question whether "the order at issue involves 'an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.'" 489 U.S. at 799 (quoting *United States v. MacDonald*, 435 U.S. 850, 860 (1978)). The Second Circuit and other courts have held that foreign sovereign immunity is exactly such a right, justifying an immediate appeal: "A denial of the claim of FSIA immunity from suit is immediately appealable because any ultimate success on appeal from a final judgment would not redress the erroneous denial of an immunity from the trial itself." *Kensington Int'l Ltd. v. Rep. of Congo*, 461 F.3d 238, 240 (2d Cir. 2006) (quotation marks and brackets omitted); *see also Process & Indus. Devs. v. Fed. Republic of Nigeria*, 962 F.3d 576, 584 (D.C. Cir. 2020) ("It is axiomatic that foreign sovereigns enjoy immunity from litigation burdens as well as from the entry of adverse judgments.") (collecting cases). That immunity *from suit* explains why, as the government concedes, courts in the civil context—including the Second Circuit—uniformly hold that a denial of foreign sovereign immunity falls within the collateral order doctrine. *See, e.g.*, *Kensington Int'l*, 505 F.3d at 153; *Filler v. Hanvit Bank*, 378 F.3d 213, 216 (2d Cir. 2004). Like a denial of immunity under double jeopardy or the Speech & Debate Clause, the denial of foreign sovereign immunity from suit satisfies the collateral order doctrine in this case.

The government's arguments to the contrary are meritless.

*First*, the government argues that the collateral order doctrine applies differently in the criminal context. ECF No. 682 at 2. But the Supreme Court has expressly rejected that view, holding that the "collateral-order exception is equally applicable in both civil and criminal proceedings." *Abney*, 431 U.S. at 659 n.4 (denial of dismissal on double jeopardy grounds immediately appealable). The government does not explain why Halkbank's asserted immunity from litigation would entitle it less to an interlocutory appeal in this prosecution as in any civil case.

*Second,* the government's citation to *United States v. Levy* for the proposition that courts have repeatedly "rejected interlocutory appeals of orders in criminal cases denying dismissal on grounds of subject matter jurisdiction" is but another example of selective quoting. 947 F.2d 1032, 1034 (2d Cir. 1991). The Second Circuit actually held that the doctrine of specialty, which was the basis of the appeal, "*does not guarantee a right not to be tried*, but rather a right to be protected from a court's authority." *Id.* (emphasis added). Sovereign immunity, by contrast, is a right not to be tried. *See, e.g.*, *Kensington Int'l*, 461 F.3d at 240.

*Third*, the government argues that Halkbank has no right to an immediate appeal because this Court has held that the "FSIA does not appear to grant immunity in criminal proceedings." ECF No. 682 at 2 (quoting ECF No. 674 at 7). But that argument confuses the *merits* of

WILLIAMS & CONNOLLY LLP
October 13, 2020
Page 3

Halkbank's immunity claim with whether Halkbank has a right to immediately appeal the Court's order denying immunity.  As this Court noted, whether the FSIA grants immunity in criminal cases is a debated issue, and at least one federal court of appeals has held that the FSIA does apply in criminal cases.  ECF No. 674 at 8 n.5 (citing *Keller v. Central Bank of Nigeria*, 277 F.3d 811 (6th Cir. 2002), *abrogated on other grounds*, *Samantar v. Yousuf*, 560 U.S. 305 (2010)).  The government does not argue that Halkbank's positions on appeal are frivolous.  Obviously, this Court's Order denying that immunity applies in this case cannot prevent Halkbank from appealing the Order and contesting that very holding.  Otherwise no interlocutory appeal on immunity grounds would ever be possible.  If Halkbank is right that it has foreign sovereign immunity in this case, then delaying the appeal destroys Halkbank's right to be free of litigation burdens.  This Court's order disagreeing with Halkbank's position is no impediment to an appeal—it is the reason for it.

*Fourth*, the government implies but does not state there is no case granting a stay of a criminal proceeding pending an interlocutory appeal on FSIA grounds.  ECF 682 at 2.  That is wrong, as the government well knows.  The government is litigating this same issue in a criminal prosecution of a foreign sovereign in the Ninth Circuit.  The government in that case, contrary to its position here, *agreed* that all deadlines in the criminal prosecution should be stayed pending resolution of the appeal.  *United States v. Pangang Grp. Co.,* No. 11-cr-573 (JSW), ECF No. 1252 (N.D. Cal. Jan. 17, 2020) ("In response to the Court's December 17, 2019 Order (Dkt. No. 1245), the parties state that they agree with the Court that the pretrial and trial dates, and all associated deadlines, should be vacated" pending resolution of the FSIA appeal to the Ninth Circuit).  The district court did so, entering an order "VACAT[ING] the pretrial and trial dates and all related deadlines pending resolution of the Pangang Defendants' appeal of the Court's Order denying their motion to dismiss."  *Pangang Grp.*, ECF No. 1253 (N.D. Cal. Jan. 23, 2020).  The same result should obtain here.  To the degree that the government points to a paucity of cases involving interlocutory FSIA appeals in the criminal context—that is because the government practically never indicts foreign sovereigns.

*Fifth*, the government claims that the D.C. Circuit has rejected an immediate appeal on FSIA grounds.  ECF No. 682 (citing Per Curiam Order, *In re Grand Jury Subpoena,* No. 18-3068 (D.C. Cir. October 3, 2018), and *In re Grand Jury Subpoena,* 912 F.3d 623, 626 (D.C. Cir. 2019)).  But the order and opinion in which that court dismissed the appeal is under seal, and it is impossible to know what that court's reasoning was or whether it had anything to do with the government's arguments in this case instead of the peculiar posture, legal arguments, or factual record before that court in a grand jury subpoena matter.

*Finally*, even if this Court concludes that it retains jurisdiction, it should grant a discretionary stay for similar reasons.  *See* ECF No. 680 at 1-2.  This Court considers four factors when deciding whether to grant a stay pending appeal in a criminal case: (1) likelihood of success on the merits, (2) the stay movant's irreparable injury absent a stay, (3) whether the stay will injure other parties, and (4) where the public interest lies.  *United States v. Bical*, 409 F. Supp. 3d 51, 52 (E.D.N.Y. 2019).  The first factor is satisfied if the movant can show its appeal raises "serious, substantial, difficult and doubtful questions" that are "a fair ground for

WILLIAMS & CONNOLLY LLP

October 13, 2020

Page 4

litigation." *Hassoun v. Searls*, 2020 WL 3496302, at *7 (W.D.N.Y. June 29, 2020) (internal citation omitted), *vacated on appeal on other grounds*, --- F.3d ----, 2020 WL 5637598 (2d Cir. Sept. 22, 2020). The government nowhere disputes that Halkbank has raised serious, non-frivolous grounds for appeal that are "a fair ground for litigation." Second, proceeding forward with this case would irreparably harm Halkbank because it would deny it the "immunity from litigation burdens" that is the hallmark of foreign sovereign immunity. *Process & Indus. Devs.*, 962 F.3d at 584. Third, the government identifies no injury it will suffer if this case is stayed pending appeal. In opposing Halkbank's prior motion for a stay, the government made only the generic argument that "[a]n unwarranted delay of pretrial proceedings will needlessly harm the Government" and would "further and unjustly postpone a prosecution." ECF No. 663 at 10. The government cited no specific harm, and there is none. Fourth, the public interest in respecting foreign sovereign immunity unquestionably favors a stay until the immunity issue is conclusively resolved. As the Supreme Court has repeatedly noted, the FSIA's strong respect for foreign sovereigns "helps to induce each nation state, as a matter of international comity, to respect the independence and dignity of every other, including our own," and "diminish[es] the likelihood that other nations would each go their own way, thereby subjecting the United States abroad to more claims than we permit in this country." *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1319-20 (2017).

Notwithstanding the government's scattershot and incomplete arguments to the contrary, Halkbank's immunity appeal divests this Court of jurisdiction to proceed until the appeal has been resolved, and therefore this Court should vacate or stay pretrial, trial, and related deadlines.

Respectfully,

/S *Robert M. Cary*

Robert M. Cary

cc:   Counsel of record