**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
UNITED STATES OF AMERICA,                         :
                                                  :     15 Cr. 867 (RMB)
           - against -                            :
                                                  :     **DECISION & ORDER**
HALKBANK                                          :
                      Defendants.                 :
------------------------------------------------------------x

Having carefully reviewed the record herein, including without limitation **(1)** the Court's Decision & Order, dated October 1, 2020, denying Halkbank's motion to dismiss the Indictment and concluding, among other things, that Halkbank is not immune from prosecution under the Foreign Sovereign Immunities Act ("FSIA"). See United States v. Halkbank, 2020 WL 5849512, at *4 (S.D.N.Y. Oct. 1, 2020); **(2)** Halkbank's notice of interlocutory appeal, filed with the Second Circuit and dated October 9, 2020, seeking reversal of the Court's Decision & Order "on sovereign immunity grounds." See Oct. 9, 2020 Notice of Appeal at 1; **(3)** Halkbank's letter motion, dated October 9, 2020, and its supplemental letter, dated October 13, 2020, contending that the "collateral order doctrine allows an immediate appeal from an order denying immunity under the [FSIA]" and that the filing of its notice of appeal divests the district court of jurisdiction. See Oct. 9, 2020 Halkbank Ltr. at 1; and **(4)** the Government's opposition, dated October 13, 2020, and its supplemental letter, dated October 15, 2020, contending that FSIA does not grant immunity in criminal proceedings; that Halkbank's claimed FSIA immunity is not based on an "explicit statutory or constitutional guarantee . . . that a criminal trial will not occur;" and that the District Court has the discretion to retain jurisdiction while Halkbank pursues an appeal. See Oct. 13, 2020 Gov't Ltr. at 1-3; Oct. 15, 2020 Gov't Ltr. at 3, **the Court denies Halkbank's application.**[1]

I. <u>Background</u>

On October 15, 2019, Turkish state-owned Türkiye Halk Bankasi A.S. ("Halkbank") was charged in a six count indictment with conspiracy to defraud the United States; conspiracy to violate the

---

[1] **Any issues or arguments raised by the parties but not specifically addressed in this Decision and Order have been considered by the Court and rejected.**

1

International Emergency Economic Powers Act ("IEEPA"); bank fraud; conspiracy to commit bank fraud; money laundering; and conspiracy to commit money laundering. See Indictment at 35-41. According to the Government: "[t]he Indictment alleges that Halkbank participated in transactions designed to extract surreptitiously Iran's oil and gas proceeds held at the bank, so that those funds could be used to make international payments through the U.S. financial system on behalf of Iran while hiding Iran's control of those transactions, and lied to Treasury Department officials in the United States to conceal the scheme and evade applicable sanctions." See Aug. 31, 2020 Gov't Opp. to Mot. to Dismiss at 10; Indictment at 2-4, 21-26, 34. "As alleged, at least approximately $1 billion was laundered through the U.S. on behalf of the Government of Iran and Iranian entities." See Aug. 31, 2020 Gov't Opp. to Mot. to Dismiss at 3.

One of Halkbank's alleged co-conspirators, Reza Zarrab, a dual citizen of Turkey and Iran, pled guilty before this Court on October 26, 2017 to designing the sanctions evasion scheme. Another of Halkbank's alleged co-conspirators, Mehmet Hakan Atilla, who was the Deputy General Manager of International Banking at Halkbank, was convicted by an S.D.N.Y. jury on January 3, 2018 of conspiracy to defraud the United States; conspiracy to violate the IEEPA and the Iranian Transactions and Sanctions Regulations ("ITSR"); bank fraud; conspiracy to commit bank fraud; and conspiracy to commit money laundering. See May 16, 2018 Judgment. Atilla was sentenced to 32 months imprisonment (and he completed his sentence). Id. On July 20, 2020, the Second Circuit affirmed Atilla's conviction and sentence. *See United States v. Atilla*, 966 F.3d 118 (2d Cir. 2020).

## II. This is Halkbank's Third Interlocutory Appeal and Its Fifth Motion for a Stay Since Being Indicted

Following Indictment on October 15, 2019, Halkbank and its then counsel, King & Spalding, refused service of process and failed to appear at two court-ordered arraignment hearings, i.e. on October 22, 2019 and November 5, 2019. Defense counsel, Andrew Hruska, advised the Court that Halkbank sought to enter a "special appearance" **before being arraigned** to contest jurisdiction based upon alleged lack of minimum U.S. contacts. By Decision & Order, dated December 5, 2019, and following briefing, the Court denied Halkbank's request for a special appearance on the ground that "[s]pecial appearances to

2

challenge 'minimum contacts' are not properly entertained in criminal cases." *See United States v. Halkbank*, 426 F.Supp.3d 23, 34 (S.D.N.Y. 2019).

On December 17, 2019, Halkbank filed its first appellate (mandamus) petition seeking to compel the District Court to entertain Halkbank's special appearance. Halkbank simultaneously moved for a stay of the proceedings in the District Court and in the Second Circuit. See Dec. 17, 2019 Ltr. from A. Hruska at 1. On February 21, 2020, the Second Circuit affirmed the District Court's ruling denying a special appearance. *See United States v. Halkbank*, Dck. No. 19-4203 (2d Cir. Feb. 21, 2020). And, both the District Court and the Second Circuit rejected Halkbank's applications to stay the proceedings. *Id.*; *United States v. Halkbank*, 2019 WL 7944419, at *1 (S.D.N.Y. Dec. 26, 2019). Halkbank was finally arraigned on March 31, 2020.

On July 14, 2020, Halkbank filed a motion to recuse in the District Court. By Decision & Order, dated August 24, 2020, and following briefing, the Court denied Halkbank's recusal motion on waiver and estoppel grounds "and because it has no substantive merit." *See United States v. Halkbank*, 2020 WL 4932772, at *1 (S.D.N.Y. Aug. 24, 2020). The Court concluded, among other findings, that "[n]o 'objective and disinterested observer, knowing and understanding all of the facts and circumstances, could reasonably question the court's impartiality.'" *Id.* (quoting *S.E.C. v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013)).

On September 3, 2020, Halkbank filed its second mandamus petition seeking to compel the District Court's recusal. Halkbank also moved for a stay of the proceedings in the District Court and in the Second Circuit. See Aug. 25, 2020 Mot. to Stay; *United States v. Halkbank*, Dck. No. 20-3008 (2d Cir. Sept. 11, 2020). Both the District Court and the Second Circuit denied Halkbank's applications to stay the proceedings. See Sept. 10, 2020 Decision & Order; *United States v. Halkbank*, Dck. No. 20-3008 (2d Cir. Sept. 17, 2020). Halkbank's mandamus petition is *sub judice*.

On August 10, 2020, Halkbank filed a motion in the District Court to dismiss the Indictment which, among other things, presented its claim that Halkbank is immune from criminal prosecution under FSIA. See Aug. 10, 2020 Mot. to Dismiss at 1. By Decision & Order, dated October 1, 2020, the Court

3

denied Halkbank's motion to dismiss. The Court concluded, among other things, that FSIA does not grant immunity to defendants in criminal proceedings.[2] The Court cited, among other authorities, *United States v. Hendron*, 813 F.Supp. 973, 975-77 (E.D.N.Y. 1993) (Nickerson, D.J.) and *United States v. Biggs*, 273 F. App'x 88, 89 (2d Cir. 2008) (Cabranes, J.; Wesley, J.; Castel, D.J., summary order). In *Hendron*, the district court denied a criminal defendant's motion to dismiss, after undertaking a thorough statutory analysis and concluding that FSIA immunity "applies only to civil proceedings." *See Hendron*, 813 F.Supp. at 975-77. The *Hendron* court held that there is no basis to conclude FSIA would "grant immunity from criminal prosecution." *Id.*

And, in *Biggs*, the Second Circuit denied a criminal defendant's appeal and rejected the defendant's claim that "pursuant to the [FSIA] [] he is immune from federal prosecution." *See Biggs*, 273 F. App'x at 89. "Because . . . this is not a civil action, FSIA has no application here." *Id.*

### III. Legal Standard

Under the final judgment rule, "jurisdiction is generally limited to appeals from final decisions of the district courts." *See In re World Trade Center Disaster Site Litig.*, 521 F.3d 169, 178 (2d Cir. 2008). "Under the collateral order exception to the final judgment rule, appeal of an interlocutory pretrial order may be allowed only if the order falls within that small class of cases which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *United States v. Wallach*, 870 F.2d 902, 905 (2d Cir. 1989).

"Interlocutory appeals in criminal cases are 'disfavored.'" *United States v. Levy*, 947 F.2d 1032, 1034 (2d Cir. 1991). In a criminal case, "only an explicit statutory or constitutional guarantee that trial will not occur may serve as grounds for an immediate [interlocutory] appeal." *United States v. Robinson*, 473 F.3d 487, 491 (2d Cir. 2007). "Given the narrowness of the collateral order doctrine in criminal cases,

---

[2] The Court also determined that even if FSIA had provided immunity in this criminal case, "FSIA's commercial activity exceptions would clearly apply and support the Halkbank prosecution." *See Halkbank*, 2020 WL 5849512, at *4-6.

the Supreme Court has only held that four types of orders are immediately appealable: orders denying a Double Jeopardy Clause challenge, orders denying a Speech or Debate Clause challenge, orders denying a motion to reduce bail, and orders allowing for the forced medication of criminal defendants." *United States v. Sueiro*, 946 F.3d 637, 640 (4th Cir. 2020).

"As a general matter, the filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). "The divestiture of jurisdiction rule, however, is not a *per se* rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed to avoid confusion or waste of time resulting from having the same issues before two courts at the same time . . . Hence, its application is guided by concerns of efficiency and is not automatic." *Id.*

"In deciding whether to grant a stay . . . pending appeal, [the court] must consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *United States v. Eastern Air Lines, Inc.*, 923 F.2d 241, 243-44 (2d Cir. 1991). "Where, as in the instant case, the government is the party opposing the stay, the third and fourth factors merge." *Luna v. O'Keefe*, 2018 WL 2197555, at *1 (N.D. Cal. May 14, 2018) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

"[A] district court has broad discretion to extend, reset, or decline to extend or reset, the deadline for pretrial motions." *United States v. Zelaya*, 2018 WL 1033235, at *2 (S.D.N.Y. Feb. 21, 2018).

**IV.   Divestiture of the District Court's Jurisdiction Will Result in Unnecessary Delay of Trial**

Halkbank contends that "the collateral order doctrine allows an immediate appeal from an order denying immunity under the [FSIA]." See Oct. 9, 2020 Halkbank Ltr. at 1 (internal citations and quotations omitted); Oct. 13, 2020 Halkbank Ltr. at 4. The Government counters that divestiture of jurisdiction is unwarranted because this is a criminal case and because Halkbank's appeal clearly does not meet "the narrow criteria permitting interlocutory appeal of a collateral order." See Oct. 13, 2020 Gov't

Ltr. at 2; Oct. 15, 2020 Gov't Ltr. at 3. "Halkbank cannot obtain an interlocutory appeal based on the assertion of a right that does not exist." See Oct. 15, 2020 Gov't Ltr. at 1.[3]

This Court respectfully rejects the suggestion that its jurisdiction is divested on the facts presented here. For one thing, there has already been unnecessary delay of trial as a result of successive interlocutory appellate motion practice. See supra at pp.2-4; *see also Wrenn v. McFadden*, 1993 WL 174145, at *2 (4th Cir. 1993) ("[defendant] has engaged in dilatory tactics, as evidenced by his repeated interlocutory appeals and his present motion to stay"). Cancellation of discovery, pretrial matters, and trial is unwarranted. *See Rodgers*, 101 F.3d at 247; *Hargroves v. The City of New York*, 2010 WL 3619542, at *3 (E.D.N.Y. Sept. 10, 2010) ("The district court has discretion in determining whether it lacks jurisdiction because of an interlocutory appeal."); *United States v. Ramos-Oseguera*, 900 F.Supp. 1258, 1266 (N.D. Cal 1995) ("the district court must retain a rational level of discretion to determine whether the general presumption in favor of divestiture of jurisdiction should apply under the particular circumstances of the case"). This is Halkbank's third interlocutory appeal in less than a year and its fifth request for a stay of proceedings. And, the parties do not appear to have come close to completing contested pretrial discovery. See June 30, 2020 Tr. at 7:21- 9:12 (Defense Counsel Cary: "We still have not received [] discovery yet . . . We anticipate that there will be a number of . . . issues in this case that will take time to resolve, and it will be our hope, your Honor, that we can use this fall [2020] and the early part of next year [2021] to deal with [] discovery issues."); Aug. 27, 2020 Halkbank Ltr. at 2 ("Because the content and volume of discovery remains a mystery to the defense, a number of potential members of the Defense Team, including translators and litigation support personnel, have yet to be engaged."). Realistic concerns over the inefficiency of these criminal proceedings and further delay strongly counsel against divestiture of the Court's jurisdiction. *See Microsoft Corp. v. Baker*, 137 S.Ct. 1702, 1712 (2017)

---

[3] It should be noted that in *United States v. Pangang*, the Ninth Circuit very recently heard oral argument on the question presented here. In an order directing briefing, the Ninth Circuit observed that it "may lack jurisdiction over the appeal because the district court's order . . . is not appealable as a final judgment or an order that comes within the collateral order doctrine." The matter is *sub judice*. *See United States v. Pangang*, Dck. No. 19-10306 (9th Cir. Sept. 10, 2019).

("[the] final judgment rule . . . minimizes the harassment and delay that would result from repeated interlocutory appeals"). Defense counsel, and their firm Williams & Connolly LLP, are fully capable of aggressively pursuing Halkbank's defense in the district court while simultaneously pursuing an appeal in the Second Circuit. "[A]llowing this Court to retain jurisdiction pending the appeal will enable efficient resolution at the trial court and appellate levels – an approach that promotes judicial economy as well as the interests of justice." *See Betances v. Fischer*, 140 F.Supp.3d 294, 308 (S.D.N.Y. 2015).

Second, where, as here, the appeal lacks merit, "the district court can elect to proceed." *See Hargroves*, 2010 WL 3619542, at *3. This case does not involve any explicit statutory or constitutional guarantee that Halkbank is immune from trial. *See Robinson*, 473 F.3d at 491; *Biggs*, 273 F. App'x at 89 ; *Hendron*, 813 F.Supp. at 975; *see also City of New York v. Beretta U.S.A. Corp.*, 234 F.R.D. 46, 51 (E.D.N.Y. 2006) ("A defendant raising a meritless claim of a right not to stand trial cannot be permitted to significantly delay and disrupt the course of the litigation, imperiling both the rights of the [prosecution] and the interest in judicial economy generally served by application of the final judgment rule."). And, this case patently does not involve Double Jeopardy, Speech or Debate, a motion to reduce bail, or forced medication. *See United States v. Helmsley*, 864 F.2d 266, 268 (2d Cir. 1988); *Sueiro*, 946 F.3d at 640. It "does not justify expanding the small class of criminal case orders covered by the collateral order exception to the final judgment rule," *see Flanagan v. United States*, 465 U.S. 259, 260 (1984), because "[t]he costs of such expansion are great, and the potential rewards are small." *Id.*

**V.     There is No Basis to Stay the District Court Proceedings Indefinitely**

Halkbank contends that "even if this Court concludes that it retains jurisdiction," it should, "in the alternative . . . grant a discretionary stay of all deadlines." See Oct. 9, 2020 Halkbank Ltr. at 1; Oct. 13, 2020 Halkbank Ltr. at 3-4. Halkbank argues that the factors to be considered support a stay of all pretrial, trial, and related deadlines until the appeal is resolved. Id. The Government responds that Halkbank's request for a discretionary stay of proceedings pending appeal fails on the merits. See Oct. 15, 2020 Gov't Ltr. at 4.

The Court concludes that none of the (four) stay factors set forth in *United States v. Eastern Air Lines, Inc.*, 923 F.2d 241, 243-44 (2d Cir. 1991), see supra at p.5, provides support for an indefinite stay. **First**, Halkbank cannot show a likelihood of success on appeal because Halkbank is not immune from criminal prosecution and because the Court's denial of FSIA immunity is not immediately appealable under the collateral order exception. *See 767 Third Ave. Assocs. v. Permanent Mission of Republic of Zaire to United Nations*, 787 F.Supp. 389, 393-95 (S.D.N.Y. 1992) ("we decline Movants' invitation to expand the immunity conferred by [FSIA] . . ."); *United States v. Ghailani*, 2010 WL 1816010, at *4 (S.D.N.Y. May 5, 2010) ("the order appealed from is not final and therefore is not appealable").

**Second**, Halkbank's "litigation burdens" do not constitute irreparable injury. While the court is cognizant of the challenges that litigation may entail, the corporate defendant in this case has not shown that litigation burdens amount to irreparable injury. *See RA Investments I, LLC v. Deutsche Bank AG*, 2005 WL 6800974, at *5 (N.D. Tex. May 20, 2005); *see also United States v. Human Servs. Assocs., LLC*, 216 F.Supp.3d 841, 847-48 (W.D. Mich. 2016) ("unlike a natural person, a corporation does not face the potential loss of life or liberty . . . it is not facing the prospect of imprisonment if convicted of the charges in the superseding indictment"); *United States v. Meltsin*, 2012 WL 1415334, at *2 (S.D.N.Y. Apr. 19, 2012) ("Corporations cannot go to 'jail.' Criminal punishment of corporations instead generally consists of criminal fines and remedial orders."); *Strougo v. Barclays PLC*, 194 F.Supp.3d 230, 234 (S.D.N.Y. 2016) ("the prospect of incurring litigation costs, even if substantial, is not sufficient to constitute irreparable injury . . . warranting a stay").

With respect to the **third and fourth factors**, issuance of an indefinite stay would deprive the public of a speedy trial on the merits and the airing of issues of public concern.[4] See Oct. 15, 2020 Gov't Ltr. at 4. The Government argues that "a stay would substantially injure the United States and the public interest, which includes . . . the swift prosecution of [alleged] culpable parties, the protection of the community, and the efficient administration of the criminal justice system. Halkbank's repeated efforts at

---

[4] As noted, where the Government is the party opposing the stay, the third and fourth factors "merge" and are considered as one factor. *See United States v. Apple, Inc.*, 992 F.Supp.2d 263, 278 (S.D.N.Y. 2014).

delay through piecemeal appellate proceedings would frustrate these interests." See Oct. 15, 2020 Gov't Ltr. at 4. "[T]he public interest lies in efficient adjudication of the current charges . . . and it would be contrary to the public interest to issue a stay and allow further delay of the process of adjudication." *See United States v. International Broth. of Teamsters*, 2001 WL 422824, at *4 (S.D.N.Y. Apr. 24, 2001); *see also United States v. E-Gold Ltd.*, 2007 WL 2103602, at *5 (D.D.C. July 20, 2007) ("The public has a strong interest in seeing justice rendered expeditiously"); *United States v. Jackson*, 2006 WL 238991, at *2 (S.D.N.Y. Jan. 31, 2006) ("There is a public interest in seeing that defendants who were indicted . . . are timely brought to trial").

As a matter of comity to the defense, the Court will temporarily postpone the trial and the pretrial proceedings for 60 days while Halkbank processes its appeal (and completes discovery). *See e.g. In re Wynn*, 2018 WL 10038796, at *2 (W.D.N.Y. Jan. 2, 2018) ("the Court will grant, *sua sponte*, [an] extension of time for the [defendant] to perfect the appeal").

## VI. Conclusion & Order

For the reasons stated above, Halkbank's motion [Dck. # 680] is respectfully denied.

The revised trial schedule is as follows:

1. Trial will commence on Monday, May 3, 2021 (rather than March 1, 2021). Jury selection will begin on Thursday, April 29, 2021 at 9:00 a.m;

2. Motions in limine, joint proposed jury charges, joint proposed voir dire, joint proposed verdict sheet, joint list of names and places (currently due on December 14, 2020) will be due on Friday, February 12, 2021 at noon. Responses to motions in limine (currently due on December 21, 2020) will be due on Friday, February 19, 2021 at noon;

3. The final pretrial conference (currently scheduled for January 14, 2021) will be held on Monday, March 15, 2021 at 11:00 a.m.

Dated: New York, New York
October 26, 2020

*[signature: Richard M. Berman]*

**RICHARD M. BERMAN, U.S.D.J.**