LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

ROBERT M. CARY
(202) 434-5175
rcary@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 8, 2020

<u>Via ECF</u>

Hon. Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Türkiye Halk Bankasi A.Ş.*, S6 15 Cr. 867 (RMB)

Dear Judge Berman:

      We submit this letter motion to respectfully request that the government be ordered to produce custodial information for the nearly 1.2 million emails produced in discovery.[1] The government does not dispute that it is obligated to produce this information, but it has failed to do so despite repeated defense requests.

**I.**      **The government has not produced all of its required discovery.**

      Halkbank was arraigned on March 31, 2020. It was not until June 29, 2020, however, that the government first requested that the defense provide the government a hard drive so that the government could comply with its discovery obligations. The defense sent a hard drive the same day. On July 1, 2020, the government produced a limited number of documents via its "box" website that consisted of the publicly-available *Atilla* exhibits and transcripts as well as some (but not all) of the documents purportedly collected by Turkish police. The government did not produce any discovery on the requested hard drive.

      After multiple defense inquiries, the defense finally received two hard drives from the government on September 21, 2020. One of these hard drives contained more than a terabyte of data constituting nearly 1.2 million documents, which the government represented were "[e]mail

---

[1] This submission does not withdraw nor waive any argument related to Halkbank's petition for mandamus on recusal or Halkbank's position that this case should be stayed pending resolution of Halkbank's sovereign immunity appeal. Halkbank continues to object to this case proceeding until the recusal and sovereign immunity issues have been fully and finally decided, but it must act given the current trial schedule.

WILLIAMS & CONNOLLY LLP
December 8, 2020
Page 2

contents obtained from the execution of search warrants."[2]  During a meet and confer about the timeliness of the government's discovery, the government stated that the nearly two-month delay occurred because the FBI needed to process and export the data.[3]

The defense then began the time-consuming process of loading the massive amount of data onto its own review platform.  This process was not completed until mid-October.  Once loaded, it became apparent that the government's production failed to include the custodian field, which tells the reviewer who possessed each document.  This information is not only necessary for witness examination and preparation, but also for determining how to structure an effective review of more than a million documents.

On October 28, 2020, the defense requested this critical custodial information.  *See* Ex. A (10/28/20 Letter from Latcovich to Lockard).  The government responded on November 2, 2020, agreeing to produce the custodial information and stating that they "expect to receive it sometime this week."  Ex. B (11/2/20 Email from Lockard to Latcovich).  The government failed to produce the information.  The defense raised the issue again in a November 10, 2020 meet and confer, during which the government claimed that we should get the information "shortly."  Again, not true.  The defense followed up via letter on November 17, 2020, but again the government failed to produce the information.  Ex. C (11/17/20 Letter from Latcovich to Lockard).  Although the defense is certainly sympathetic to the burdens imposed by large volumes of discovery—particularly during a global pandemic—the government has never offered any explanation for its failure to produce this information, which should have been produced (along with all the other Rule 16 discovery that had already been processed and produced to Atilla) at arraignment.

## II.   There is no dispute that this information is discoverable.

To its credit, the government has never disputed that the defense is entitled to this custodial information, which the government possesses.  Nor could it.  Custodial information is critical to both (1) structuring a document review and (2) witness preparation and examinations.  This is particularly true when the government has produced nearly 1.2 million documents, most of which include foreign languages.  The fact that these documents may be emails that include information about who sent or received the email does not alleviate the government's obligation to produce custodial information:

> [E]ven if duplicative, obtaining the information about [the] custodian of a text message or email yields pertinent information.  That is, even if an email was

---

[2] For comparison purposes, the entire Library of Congress's print collection has been widely reported to constitute approximately 10 terabytes.

[3] Notably, the government's discovery is not complete.  For example, the government has only produced *ten documents* from the Treasury Department, the alleged victim of Count 1.  The government has stated in meet and confers that it has asked Treasury to search for additional documents, but it has refused to provide any information on which custodians are being searched, how the search is structured (*e.g.*, search terms), or when the defense can expect to see the results of this search.

WILLIAMS & CONNOLLY LLP
December 8, 2020
Page 3

>produced from one witness's custodial inbox, producing the same email from another witness's inbox establishes that the second witness received the email (and helps counter any suggestion that he or she lacked knowledge of or did not receive the email in question).

*Thomas v. City of New York*, No. 19-CV-4791-NGG-SJB, 2020 WL 5552199, at *1 (E.D.N.Y. Sept. 16, 2020). Although *Thomas* was a civil case, its reasoning applies with equal force in our criminal case.

\* \* \* \* \*

For six weeks, the defense has been requesting critical information necessary for both document review and witness examinations. The government has never disputed that it should produce this information, but at the same time, it has never explained its latest extensive discovery delay. Accordingly, the government should be ordered to immediately produce the requested custodial information.

Respectfully,

/S *Robert M. Cary*

Robert M. Cary

cc: Counsel of record