# Exhibit A

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

SIMON A. LATCOVICH
(202) 434-5967
slatcovich@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 28, 2020

<u>Via Email</u>

Michael Dennis Lockard
Sidhardha Kamaraju
David William Denton, Jr.
Jonathan Rebold
Kiersten Fletcher
United States Attorney's Office for the Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

> Re:   *United States v. Turkiye Halk Bankasi, A.S., a/k/a "Halkbank,"* No. S6 15 CR.
> 867 (RMB)

Dear Counsel:

I write to follow up on your recent production of documents. The government produced nearly 1.3 million emails nearly six months after arraignment, claiming that it took eleven weeks for the FBI to process the emails. Despite this delay, however, the government's processed production does not include custodial information for any of these emails. Please explain why the government did not produce this critical information, which is not only part of any normal document production,[1] but critical for conducting a timely review and preparing for witness examinations.

---

[1] *See, e.g.*, "Recommendations for Electronically Stored Information (ESI) Discovery Production in Federal Criminal Cases," Department of Justice (DOJ) and Administrative Office of the U.S. Courts (AO) Joint Working Group on Electronic Technology in the Criminal Justice System (JETWG) (February 2012) at Strategies p.4 ("When a party produces ESI from a seized or searched third-party digital device (e.g., computer, cell phone, hard drive, thumb drive, CD, DVD, cloud computing, or file share), the producing party should identify the digital device that held the ESI, and, to the extent that the producing party already knows, provide some indication of the device's probable owner or custodian and the location where the device was seized or searched."), *available at* https://www.justice.gov/archives/dag/page/file/913236/download.

WILLIAMS & CONNOLLY LLP
October 28, 2020
Page 2

Sincerely,

Simon Latcovich