## LAW OFFICES
## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

ROBERT M. CARY
(202) 434-5175
rcary@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 8, 2020

Government to respond by Monday, December 14, 2020 (noon).

SO ORDERED:
Date: 12/8/2020
*Richard M. Berman*
Richard M. Berman, U.S.D.J.

<u>Via ECF</u>

Hon. Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   *United States v. Türkiye Halk Bankasi A.Ş.*, S6 15 Cr. 867 (RMB)

Dear Judge Berman:

We submit this letter motion to respectfully request that the government be ordered to produce custodial information for the nearly 1.2 million emails produced in discovery.[1] The government does not dispute that it is obligated to produce this information, but it has failed to do so despite repeated defense requests.

**I.   The government has not produced all of its required discovery.**

Halkbank was arraigned on March 31, 2020. It was not until June 29, 2020, however, that the government first requested that the defense provide the government a hard drive so that the government could comply with its discovery obligations. The defense sent a hard drive the same day. On July 1, 2020, the government produced a limited number of documents via its "box" website that consisted of the publicly-available *Atilla* exhibits and transcripts as well as some (but not all) of the documents purportedly collected by Turkish police. The government did not produce any discovery on the requested hard drive.

After multiple defense inquiries, the defense finally received two hard drives from the government on September 21, 2020. One of these hard drives contained more than a terabyte of data constituting nearly 1.2 million documents, which the government represented were "[e]mail

---

[1] This submission does not withdraw nor waive any argument related to Halkbank's petition for mandamus on recusal or Halkbank's position that this case should be stayed pending resolution of Halkbank's sovereign immunity appeal. Halkbank continues to object to this case proceeding until the recusal and sovereign immunity issues have been fully and finally decided, but it must act given the current trial schedule.

WILLIAMS & CONNOLLY LLP
December 8, 2020
Page 2

contents obtained from the execution of search warrants."[2]  During a meet and confer about the timeliness of the government's discovery, the government stated that the nearly two-month delay occurred because the FBI needed to process and export the data.[3]

The defense then began the time-consuming process of loading the massive amount of data onto its own review platform.  This process was not completed until mid-October.  Once loaded, it became apparent that the government's production failed to include the custodian field, which tells the reviewer who possessed each document.  This information is not only necessary for witness examination and preparation, but also for determining how to structure an effective review of more than a million documents.

On October 28, 2020, the defense requested this critical custodial information.  *See* Ex. A (10/28/20 Letter from Latcovich to Lockard).  The government responded on November 2, 2020, agreeing to produce the custodial information and stating that they "expect to receive it sometime this week."  Ex. B (11/2/20 Email from Lockard to Latcovich).  The government failed to produce the information.  The defense raised the issue again in a November 10, 2020 meet and confer, during which the government claimed that we should get the information "shortly." Again, not true.  The defense followed up via letter on November 17, 2020, but again the government failed to produce the information.  Ex. C (11/17/20 Letter from Latcovich to Lockard).  Although the defense is certainly sympathetic to the burdens imposed by large volumes of discovery—particularly during a global pandemic—the government has never offered any explanation for its failure to produce this information, which should have been produced (along with all the other Rule 16 discovery that had already been processed and produced to Atilla) at arraignment.

## II.     There is no dispute that this information is discoverable.

To its credit, the government has never disputed that the defense is entitled to this custodial information, which the government possesses.  Nor could it.  Custodial information is critical to both (1) structuring a document review and (2) witness preparation and examinations.  This is particularly true when the government has produced nearly 1.2 million documents, most of which include foreign languages.  The fact that these documents may be emails that include information about who sent or received the email does not alleviate the government's obligation to produce custodial information:

> [E]ven if duplicative, obtaining the information about [the] custodian of a text message or email yields pertinent information.  That is, even if an email was

---

[2] For comparison purposes, the entire Library of Congress's print collection has been widely reported to constitute approximately 10 terabytes.

[3] Notably, the government's discovery is not complete.  For example, the government has only produced *ten documents* from the Treasury Department, the alleged victim of Count 1.  The government has stated in meet and confers that it has asked Treasury to search for additional documents, but it has refused to provide any information on which custodians are being searched, how the search is structured (*e.g.*, search terms), or when the defense can expect to see the results of this search.

WILLIAMS & CONNOLLY LLP
December 8, 2020
Page 3

>produced from one witness's custodial inbox, producing the same email from another witness's inbox establishes that the second witness received the email (and helps counter any suggestion that he or she lacked knowledge of or did not receive the email in question).

*Thomas v. City of New York*, No. 19-CV-4791-NGG-SJB, 2020 WL 5552199, at *1 (E.D.N.Y. Sept. 16, 2020). Although *Thomas* was a civil case, its reasoning applies with equal force in our criminal case.

\* \* \* \* \*

For six weeks, the defense has been requesting critical information necessary for both document review and witness examinations. The government has never disputed that it should produce this information, but at the same time, it has never explained its latest extensive discovery delay. Accordingly, the government should be ordered to immediately produce the requested custodial information.

Respectfully,

/S *Robert M. Cary*

Robert M. Cary

cc: Counsel of record

# Exhibit A

# LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

SIMON A. LATCOVICH
(202) 434-5967
slatcovich@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 28, 2020

<u>Via Email</u>

Michael Dennis Lockard
Sidhardha Kamaraju
David William Denton, Jr.
Jonathan Rebold
Kiersten Fletcher
United States Attorney's Office for the Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

Re: *United States v. Turkiye Halk Bankasi, A.S., a/k/a "Halkbank,"* No. S6 15 CR. 867 (RMB)

Dear Counsel:

I write to follow up on your recent production of documents. The government produced nearly 1.3 million emails nearly six months after arraignment, claiming that it took eleven weeks for the FBI to process the emails. Despite this delay, however, the government's processed production does not include custodial information for any of these emails. Please explain why the government did not produce this critical information, which is not only part of any normal document production,[1] but critical for conducting a timely review and preparing for witness examinations.

---

[1] *See, e.g.*, "Recommendations for Electronically Stored Information (ESI) Discovery Production in Federal Criminal Cases," Department of Justice (DOJ) and Administrative Office of the U.S. Courts (AO) Joint Working Group on Electronic Technology in the Criminal Justice System (JETWG) (February 2012) at Strategies p.4 ("When a party produces ESI from a seized or searched third-party digital device (e.g., computer, cell phone, hard drive, thumb drive, CD, DVD, cloud computing, or file share), the producing party should identify the digital device that held the ESI, and, to the extent that the producing party already knows, provide some indication of the device's probable owner or custodian and the location where the device was seized or searched."), *available at* https://www.justice.gov/archives/dag/page/file/913236/download.

WILLIAMS & CONNOLLY LLP
October 28, 2020
Page 2

Sincerely,

Simon Latcovich

# Exhibit B

Case 1:15-cr-00867-RMB   Document 692-2   Filed 12/03/20   Page 2 of 13

| | |
|---|---|
| **From:** | Latcovich, Simon |
| **To:** | Halkbank; Halkbank |
| **Subject:** | FW: United States v. Halkbank |
| **Date:** | Monday, November 2, 2020 3:59:32 PM |

**Simon Latcovich**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC  20005
(P) 202-434-5967 | (F) 202-434-5029
slatcovich@wc.com | www.wc.com/slatcovich

**From:** Lockard, Michael (USANYS) <Michael.Lockard@usdoj.gov>
**Sent:** Monday, November 02, 2020 3:21 PM
**To:** Latcovich, Simon <SLatcovich@wc.com>; Kirkpatrick, James <JKirkpatrick@wc.com>; Desai, Damayanti <DDesai@wc.com>; Cary, Rob <RCary@wc.com>
**Cc:** Rebold, Jonathan (USANYS) <Jonathan.Rebold@usdoj.gov>; Kamaraju, Sidhardha (USANYS) <Sidhardha.Kamaraju@usdoj.gov>; Denton, David (USANYS) <David.Denton@usdoj.gov>; Fletcher, Kiersten (USANYS) 1 <Kiersten.Fletcher@usdoj.gov>
**Subject:** RE: United States v. Halkbank

Simon,

Your letter from Friday expresses concern that the Government has filed a motion pursuant to the Classified Information Procedures Act ("CIPA"). The Government has not filed a CIPA motion. On Friday, we filed a letter to "request[] a conference pursuant to Section 2 of the Classified Information Procedures Act," to be held *ex parte* and under seal. Under Section 2 of CIPA, such conferences are appropriate to "consider matters relating to classified information that may arise in connection with the prosecution."  We have suggested that the defendant itself may wish to request such a conference at an appropriate time in order to discuss with the Court, among other things, the defendant's theories of *Brady* as they may relate to any classified materials.  As discussed on our call Thursday, Halkbank will receive notice of any motion the Government files pursuant to CIPA.

You also requested, in your letter dated October 28, 2020 and during the call on Thursday, the production of custodian information with respect to emails produced on the 2 terabyte hard drive and information corresponding to a "sort date" field.  We have requested the custodian information so that it can be provided to you, and expect to receive it sometime this week.  We have also been advised that information corresponding to "sort date" appears in the "EMAIL_SENT_DATE_TIME" or "EMAIL_RECEIVED_DATE_TIME" fields.  Please let us know if the data in those fields does not accomplish the purpose of the "sort date" information you requested.

Thanks,
Michael

**From:** Latcovich, Simon <SLatcovich@wc.com>
**Sent:** Friday, October 30, 2020 11:10 PM
**To:** Rebold, Jonathan (USANYS) <JRebold@usa.doj.gov>; Lockard, Michael (USANYS) <MLockard@usa.doj.gov>; Kamaraju, Sidhardha (USANYS) <SKamaraju@usa.doj.gov>; Denton, David (USANYS) <DDenton@usa.doj.gov>; Fletcher, Kiersten (USANYS) 1 <KFletcher1@usa.doj.gov>
**Cc:** Kirkpatrick, James <JKirkpatrick@wc.com>; Desai, Damayanti <DDesai@wc.com>; Cary, Rob <RCary@wc.com>
**Subject:** United States v. Halkbank

Counsel,

Please see the attached correspondence.

Best regards,
Simon

**Simon Latcovich**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5967 | (F) 202-434-5029

slatcovich@wc.com | www.wc.com/slatcovich

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

# Exhibit C

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

SIMON A. LATCOVICH
(202) 434-5967
slatcovich@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 17, 2020

<u>Via Email</u>

Michael Dennis Lockard
Sidhardha Kamaraju
David William Denton, Jr.
Jonathan Rebold
Kiersten Fletcher
United States Attorney's Office for the Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

      Re:    *United States v. Turkiye Halk Bankasi, A.S., a/k/a "Halkbank,"* No. S6 15 CR. 867 (RMB)

Dear Counsel:

      I write regarding the custodian data that you told us we would receive last week. I informed you three weeks ago that the nearly 1.3 million emails you produced to us inexplicably lacked a custodian metadata field, which is critical to our review of the documents. During our November 10 meet and confer, you said that the data was nearly ready and that you hoped to send it to us "in the next day or two." On November 11, I wrote to you memorializing this assurance. It has now been a week since our meet and confer, and we still have not received the data or an explanation for the delay. When can we expect to receive it?

Sincerely,

Simon Latcovich