UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

TÜRKİYE HALK BANKASI, A.S.,
a/k/a "Halkbank,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PROTECTIVE ORDER**

S6 15 Cr. 867 (RMB)

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested and the Government having stated its intention to produce discovery material produced pursuant to the Jencks Act and *Giglio* v. *United States*, 450 U.S. 150 (1972) and its progeny ("3500 Material") in connection with the pretrial deposition of Husyein Korkmaz pursuant to Rule 15 of the Federal Rules of Criminal Procedure, the Court hereby orders as follows:

1. Defense counsel of record ("Defense Counsel") to whom 3500 Material is disclosed shall not show or disseminate any of the 3500 Material to anyone other than the defendant and U.S.-based paralegals, investigators, and interpreters working for Defense Counsel, as well as to employees of Halkbank ("Covered Employee"), according to the terms set forth in Paragraph 4;

2. With respect to certain 3500 Material (the "Restricted Materials"), the defendant shall be granted access only to redacted versions of the Restricted Materials, and access to the Restricted Materials shall be further limited to Defense Counsel as well as U.S.-based investigators and interpreters working for Defense Counsel, as well as to Covered Employees,

according to the terms set forth in Paragraph 4, each of whom shall acknowledge the provisions of this Stipulated Order in a signed writing;

      3.    Defense Counsel shall not transport or transmit or permit to be transported or transmitted any of the 3500 Material outside of the United States, except 3500 Material transmitted to Covered Employees, according to the terms set forth in Paragraph 4;

      4.    Defense counsel may provide 3500 Material to Covered Employees, pursuant to the following conditions:

      a.    Each of the Covered Employees to whom disclosure of the 3500 Materials is made shall be provided a copy of this Protective Order by Defense Counsel; shall be advised by Defense Counsel of the terms and conditions and legal ramifications of this Protective Order and that he or she shall not further disseminate or discuss the materials and must follow the terms of this Protective Order, and that the Court can enforce the Protective Order against the person to whom 3500 Materials are disclosed; and shall demonstrate their acknowledgment by signing a copy of the Protective Order, which signed copy shall be maintained by Defense Counsel and provided to the Court *ex parte* and under seal and maintained under seal;

      b.    Upon completion of this matter by guilty plea, trial verdict, or dismissal of all counts, the government may obtain copies of the executed Protective Order Acknowledgments from the court *ex parte* and under seal, or may seek copies earlier (*ex parte* and under seal) upon good cause shown; and

      c.    Any Covered Employee to whom Defense Counsel provides 3500 Material shall not after the conclusion of the litigation when any appeals become final retain any copies, notes, extractions or reproductions based on or derived from the 3500 Material and all such

copies, notes, extractions or reproductions shall be destroyed or returned to Defense Counsel after the conclusion of the litigation when any appeals have become final;

      5.    Defense Counsel shall return to the Government, or destroy, all of the 3500 Material when any appeals have become final, including confirming in writing that any Covered Employee who received 3500 Material has destroyed and/or purged from their systems any such 3500 Material;

      6.    The entry of this Order does not prejudice any application by Defense Counsel to modify or supplement the terms of this Order; and

      7.    The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case, including

to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

AGREED AND CONSENTED TO:

    DANIEL M. GITNER
    Attorney for the United States, Acting under
    Authority Conferred by 28 U.S.C. § 515

by: *Jacob Gutwillig*      Date: Dec. 19, 2024
    Michael D. Lockard
    Jonathan Rebold
    Jacob H. Gutwillig
    Assistant United States Attorneys

*RMCary*      Date: Dec. 19, 2024
Rob Cary, Esq.
Williams & Connolly LLP
Counsel for Türkıye Halk Bankasi, A.S.

SO ORDERED:

Dated: New York, New York
       December 19, 2024

SO ORDERED:

*Richard M. Berman*      12/19/24
HONORABLE RICHARD M. BERMAN      Date
UNITED STATES DISTRICT JUDGE

4