

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

March 6, 2026

**By Email**                                                    **Request Filing Under Seal**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York

    Re:   *United States v. Türkiye Halk Bankasi, A.S.,*
           **S6 15 Cr. 867 (RMB)**

Dear Judge Berman:

    The Government respectfully writes, joined by the defendant Türkıye Halk Bankasi, A.Ş. ("Halkbank"), to request that the Court dismiss all pending motions and enter an order excluding time under the Speedy Trial Act in light of the Deferred Prosecution Agreement ("Agreement") entered into between the Government and the defendant, which is being submitted simultaneously with this motion.

    The Government believes the resolution of the charges against Halkbank on the terms and conditions set forth in the Agreement is in the best interests of the United States. Various considerations contributed to the resolution of the charges provided by the Agreement, including the unique and extraordinary national security and foreign policy considerations described in the Agreement. Specifically, in considering the appropriate resolution of this matter, the Government weighed in particular (i) the U.S. Department of State's view that a commitment by the Government to work in good faith with Halkbank to resolve the charges on mutually agreeable terms was an important component of ongoing high-level diplomatic discussions between the United States and the Republic of Türkiye in 2025 to address the October 7, 2023 Hamas terrorist attacks and obtain the release of all then-remaining hostages, and (ii) the subsequent public reporting that those diplomatic discussions between the United States and the Republic of Türkiye led to assistance from Türkiye that was critical to securing the ceasefire agreement and Hamas's commitment to the release of the hostages. (*See* Agreement at 1.) This unique and substantial public interest in supporting the release of the hostages weighed heavily in the Government's assessment of the appropriate resolution of this case.

    In addition, and of significant importance, Halkbank agrees, as part of this resolution, to engage a mutually agreed-upon third party to review Halkbank's sanctions and anti-money laundering compliance. (*See* Agreement ¶ 1.) This review will result in a compliance report for

the U.S. Treasury Department's Office of Foreign Assets Control, together with a copy to this Office (*id.* ¶¶ 2, 6), and is intended to remediate the offense conduct charged in the superseding indictment and to ensure appropriate controls going forward. This agreement by Halkbank furthers the United States' compelling interests in combatting terrorist financing and financial support for the Government of Iran.

Accordingly, the Agreement is strongly in the public interest. The national security and foreign policy interests furthered by the Agreement are unique and extraordinary: the Agreement is an important component of multi-lateral international efforts to secure the release of dozens of living hostages and hostage remains as well as to achieve the cessation of military hostilities resulting from the October 7, 2023, terror attacks that had been ongoing for two years. The Agreement also serves U.S. national security interests combatting money laundering and terror finance: it requires an independent, expert review of Halkbank's anti-money laundering and compliance programs, which will be evaluated by OFAC and this Office and the results reported to this Court.

As part of the Agreement, the Office agrees to defer the prosecution of the charges in the Superseding Indictment and the parties agree to request the exclusion of time under the Speedy Trial Act during the period of time that prosecution is deferred. (Agreement ¶ 5.) The Government submits, joined by the defendant, that the exclusion of time is therefore appropriate under Title 18, United States Code, Section 3161(h)(2), which provides for the exclusion of time for "[a]ny period of delay during which prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant, with the approval of the court, for the purpose of allowing the defendant to demonstrate his good conduct." The parties request that time be excluded for a period of 90 days, subject to further requests as needed to satisfy the purposes of the Agreement. A proposed Order is being submitted for the Court's consideration.

In light of the Agreement and the joint request for the exclusion of time, the parties withdraw all other pending motions. The parties also request that the status conference currently scheduled for Wednesday, March 11, 2026, be adjourned pending further order of the Court.

Finally, the Government respectfully requests that the Court accept the Agreement and this letter for filing temporarily under seal until such time as the Court rules on the motion for the

exclusion of time, the dismissal of other pending motions, and the adjournment of the March 11, 2026.

       Respectfully submitted,

       JAY CLAYTON
       United States Attorney


by: _____/s/_____
  Michael D. Lockard / Jonathan E. Rebold /
   Jacob H. Gutwillig
  Assistant United States Attorneys
  (212) 637-2193 / -2512 / -2215

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

- v. -

TÜRKIYE HALK BANKASI A.Ş.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

S6 15 Cr. 867 (RMB)

## DEFERRED PROSECUTION AGREEMENT

Defendant TÜRKİYE HALK BANKASI, A.Ş., a/k/a "Halkbank" ("Halkbank"), pursuant to authority granted by the Company's Board of Directors reflected in Attachment A, and the United States Attorney's Office for the Southern District of New York (the "Office") enter into this deferred prosecution agreement (the "Agreement").

## National Security and Foreign Policy Considerations

President Donald J. Trump, Secretary of State Marco Rubio, and leadership within the U.S. Department of State engaged in complex, multi-faceted, and multi-lateral efforts to arrange a ceasefire between the State of Israel and Hamas. The U.S. Department of State contacted the Office several months ago to convey that (i) high-level diplomatic discussions between the United States and the Republic of Türkiye were ongoing; (ii) the discussions related to addressing the October 7, 2023 attacks by Hamas, a designated foreign terrorist organization under U.S. law, and obtaining the release of all hostages; and (iii) in the State Department's view, a commitment by the United States to resolving the Halkbank matter on mutually agreeable terms was an important component of those diplomatic discussions. The Office informed the Department of State of its view that resolution of the Halkbank matter, including potentially through an agreement by Halkbank to review and enhance controls to



combat money laundering and illicit finance, was appropriate and firmly in the public interest in light of the multi-lateral diplomatic efforts of the Republic of Türkiye and the overwhelming public interest in a ceasefire. As has been publicly reported, those diplomatic discussions between the United States and the Republic of Türkiye led to assistance from Türkiye that was instrumental in the ceasefire agreement and Hamas's commitment to release all remaining hostages. The ceasefire agreement was announced by President Trump and other world leaders including the President of the Republic of Türkiye on October 13, 2025.

The terms and conditions of this Agreement are as follows:

### Sanctions and Anti-Money Laundering Compliance Review

1. Halkbank will retain the services of an anti-money-laundering and compliance expert (the "Expert"), to be mutually agreed upon by Halkbank and the Office, to review Halkbank's U.S. sanctions compliance and anti-money-laundering policies and procedures, and its communications with all components of the U.S. Department of the Treasury ("Treasury"). The Expert will prepare a report on Halkbank's sanctions compliance and anti-money-laundering policies and procedures related to U.S.-dollar transactions; any individual or entity designated by the United States Department of State ("State") as a Foreign Terrorist Organization; and any individual or entity designated by State, Treasury, or Executive Order as a Specially Designated Global Terrorist (the "Compliance Report") and will submit the Compliance Report, together with any attachments, to Halkbank and to Treasury's Office of Foreign Assets Control ("OFAC"), with a copy also provided to the Office. Halkbank will cooperate fully with the Expert in the Expert's review of Halkbank's compliance and the preparation of the Compliance Report as set forth in this paragraph, including by making officers and employees available and providing any documents, records, or information necessary, appropriate, and helpful to the Expert.

2

2.  Within 30 days of receiving the Compliance Report, Halkbank and the Office will submit a joint letter to the Court, with a request for filing under seal, regarding Halkbank's compliance programs and review, along with the proposed dismissal Order described in Paragraph 6, below.

3.  During the term of this Agreement, Halkbank will refrain from conducting or facilitating any transactions with, involving, or for the benefit of the Government of Iran, Iranian persons or entities, or any entities owned or controlled by them, that involve the use of any U.S. persons, including U.S. financial institutions. Halkbank will disclose any such transactions, attempts, requests to conduct such transactions, and all relevant information and records to the Expert.

### Financial Obligation

4.  To the maximum extent permitted by Turkish law, and absent a contrary order by a Turkish court, Halkbank will cooperate in the Office's execution of any criminal or civil penalty, fine, restitution, or forfeiture orders or judgments, and any orders for the seizure, restraint, or repatriation of assets or funds, relating to Reza Zarrab, a/k/a Riza Sarraf, and any of his property, real or personal, or of any company owned or controlled, directly or indirectly, by him, to include the consent transfer of otherwise unrestrained assets to the custody of the United States pursuant to a court order or judgment in this matter. To the maximum extent permitted by Turkish law, and absent a contrary order by a Turkish court, Halkbank's cooperation will include the waiver of any claim by Halkbank of any right, title, or interest in any assets owned directly or indirectly by Zarrab that are subject to a court order or judgment of fine, restitution, forfeiture, seizure, restraint, or repatriation in this matter.

3

### Deferred Prosecution

5. In consideration of the undertakings of Halkbank herein, and the substantial national security and foreign policy considerations described above, the Office agrees that the prosecution of Halkbank on the charges in the Indictment will be deferred during the term of this Agreement. The parties have motions pending and agree that all time is excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(2), and the parties will jointly request an order excluding time under the Speedy Trial Act.

6. At the time of the filing of the letter described in paragraph 2, *supra*, the Government will move to dismiss the Indictment, with prejudice. The term of this Agreement will terminate upon the Court's issuing an order granting the motion to dismiss.

### Release of OFAC Claims

7. The Government, on behalf of OFAC, affirms that OFAC has no investigation, claim, or enforcement action pending against Halkbank with respect to the claims or conduct alleged in the Indictment and that any such claims against Halkbank by OFAC are released as part of this Agreement.

### Breach

8. In the event of an alleged breach of this Agreement, the Office agrees to provide Halkbank with written notice of such alleged breach prior to pursuing any prosecution of Halkbank or taking any other action under this Agreement. Within 30 days of receipt of such notice, Halkbank shall have the opportunity to respond to the Office in writing to explain the nature and circumstances of such alleged breach, as well as the actions Halkbank has taken to address and remediate the situation, which explanation the Office shall consider in determining whether to pursue prosecution of Halkbank.

4



### Notice

9. Any notice under this Agreement may be made by electronic mail and/or personal delivery, overnight delivery by a recognized U.S. commercial delivery service, or registered or certified mail. Notice to the Office shall be addressed to the Chief or Co-Chief of the National Security and International Narcotics Unit, U.S. Attorney's Office, Southern District of New York, 26 Federal Plaza, New York, New York 10278. Notice to Halkbank shall be addressed to Rob Cary, Esq., Williams & Connolly LLP, 680 Maine Avenue SW, Washington, DC 20024.

### Binding Effect

10. This Agreement is binding on each component of the Department of Justice and, as to paragraph 7, the U.S. Department of the Treasury.

11. Nothing in this Agreement confers on any person other than the Office or Halkbank any legal rights, remedies, obligations or liabilities. For the avoidance of doubt, nothing in this Agreement restricts, limits, or otherwise affects the ability of any person or entity (other than the Office or Halkbank) to enter into any agreement with, or to seek any relief from, any party to this Agreement or any other person or entity.

### Complete Agreement

12. This Agreement, including its attachments, sets forth all the terms of the agreement between Halkbank and the Office.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

5

*[Signature: TÜRKİYE HALK BANKASI A.Ş. GENEL MÜDÜRLÜĞÜ]*

AGREED:

TÜRKİYE HALK BANKASI, A.Ş.

By: _____                     _____
    Osman Arslan, Chief Executive Officer                                       Date
    Türkiye Halk Bankasi, A.Ş.

By: _____                     _____
    Öner Kaya, Head of Legal Affairs                                               Date
    Türkiye Halk Bankasi, A.Ş.

By: _____                     _____
    Robert M. Cary, Esq.                                                                     Date
    Simon A. Latcovich, Esq.
    David D. Aufhauser
    William & Connolly LLP
    Counsel for Halkbank

By: _____                     _____
    Nicholas Lewin, Esq.                                                                    Date
    KKL LLP
    Counsel for Halkbank

By: _____                     _____
    Omer Er, Esq.                                                                               Date
    Michelman & Robinson, LLP
    Counsel for Halkbank

UNITED STATES OF AMERICA

JAY CLAYTON
United States Attorney
Southern District of New York

By: *[signature]*                                                              March 6, 2026
    Michael D. Lockard                                                            Date
    Jacob H. Gutwillig
    Jonathan E. Rebold
    Assistant United States Attorneys

6

AGREED:

TÜRKİYE HALK BANKASI, A.Ş.

By: _____     Feb. 28, 2026
   Osman Arslan, Chief Executive Officer    Date
   Türkiye Halk Bankası, A.Ş.

By: _____     Feb 28, 2026
   Öner Kaya, Head of Legal Affairs        Date
   Türkiye Halk Bankası, A.Ş.

By: _____     Feb. 28, 2026
   Robert M. Cary, Esq.                    Date
   Simon A. Latcovich, Esq.
   David D. Aufhauser
   William & Connolly LLP
   Counsel for Halkbank

By: _____     Feb 28, 2026
   Nicholas Lewin, Esq.                    Date
   KKL LLP
   Counsel for Halkbank

By: _____     Feb 28, 2026
   Omer Er, Esq.                           Date
   Michelman & Robinson, LLP
   Counsel for Halkbank

UNITED STATES OF AMERICA

JAY CLAYTON
United States Attorney
Southern District of New York

By: _____     _____
   Michael D. Lockard                      Date
   Jacob H. Gutwillig
   Jonathan E. Rebold
   Assistant United States Attorneys

6

## ATTACHMENT A

### CERTIFICATE OF CORPORATE RESOLUTIONS
### FOR TÜRKİYE HALK BANKASI, A.Ş.

WHEREAS, TÜRKİYE HALK BANKASI, A.Ş. ("Halkbank") has been engaged in discussions with the United States Attorney's Office for the Southern District of New York (the "Office") regarding the charges against Halkbank set forth in superseding indictment, S6 15 Cr. 867 (RMB) (S.D.N.Y.) (the "Indictment");

WHEREAS, in order to resolve such discussions, it is proposed that Halkbank enter into a certain agreement with the Office (the "Agreement"); and

WHEREAS, Chief Executive Officer for Halkbank, Osman Arslan, together with outside counsel for Halkbank, have advised the Directors of Halkbank of its rights and the consequences of entering into such Agreement with the Office;

Therefore, the Directors of Halkbank have RESOLVED that:

1. Halkbank accepts the terms and conditions of this Agreement, including, but not limited to, a knowing waiver of its rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution; Title 18, United States Code, Section 3161; and Federal Rule of Criminal Procedure 48(b);

2. Halkbank authorizes the retention of an Expert as set forth in the Agreement and the full cooperation of Halkbank and its employees and officers and the disclosure of any information and records in the Expert's performance of the Expert's responsibilities under the Agreement;

3. Chief Executive Officer Osman Arslan and Head of Legal Affairs Öner Kaya are hereby authorized, empowered and directed, on behalf of Halkbank, to execute the Agreement substantially in such for as reviewed by the Directors at this meeting with such changes as General Manager Arslan and Head of Legal Affairs Kaya may approve;

A-1

4.  Chief Executive Officer Osman Arslan and Head of Legal Affairs Öner Kaya are hereby authorized, empowered, and directed to take any and all actions as may be necessary or appropriate and to approve the forms, terms, or provisions of any agreement or other documents as may be necessary or appropriate to carry out and effectuate the purpose and intent of the foregoing resolutions; and

5.  All of the actions of Chief Executive Officer Osman Arslan and Head of Legal Affairs Öner Kaya which actions would have been authorized by the foregoing resolutions except such actions were taken prior to the adoption of such resolutions, are hereby severally ratified, approved, and adopted as actions on behalf of the company.

Date: __Feb. 28, 2026__

TÜRKİYE HALK BANKASI, A.Ş.

By: _____
Recep Süleyman Özdıl
Chairman, Board of Directors

By: _____
Mevlüt Uysal
Vice Chairman, Board of Directors

By: _____
Osman Arslan
Member, Board of Directors
Chief Executive Officer

A-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
UNITED STATES OF AMERICA                               :
:
      - v. -                                      :  S6 15 Cr. 867 (RMB)
:
TÜRKİYE HALK BANKASI A.Ş.,                           :
  a/k/a "Halkbank,"                                  :
:
                Defendant.                     :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## [PROPOSED] ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT

      WHEREAS, the United States of America and the defendant, TÜRKİYE HALK BANKASI, A.Ş., a/k/a "Halkbank" ("Halkbank"), have entered into a Deferred Prosecution Agreement (the "Agreement") providing for the deferral of the prosecution of the charges contained in the Superseding Indictment, S6 15 Cr. 867 (RMB), based on the terms and conditions set forth in the Agreement;

      WHEREAS, the United States of America and Halkbank, by their respective attorneys, jointly move for entry of an Order continuing all further criminal proceedings, including trial, for a period of 90 days based on the entry of a Deferred Prosecution Agreement;

      WHEREAS, the parties further withdraw all other pending motions without prejudice in light of the Agreement; and

      WHEREAS, the Court finds that the exclusion of time requested by the parties will allow the defendant to show its good conduct in accordance with the Agreement;

      IT IS HEREBY ORDERED THAT:

1.	The period of time from the date of this Order until _____, 2026, will be excluded from the calculation of the time within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161, pursuant to 18 U.S.C. § 3161(h)(2).

2.	The status conference scheduled for March 3, 2026, is hereby adjourned pending further order of the Court.

SO ORDERED:

_____     _____
HONORABLE RICHARD M. BERMAN                                          Date
UNITED STATES DISTRICT JUDGE