UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
UNITED STATES                               :
                                            :
                                            :    **DECLARATION AND**
     - v. -                                 :    **NOLLE PROSEQUI**
                                            :
TÜRKİYE HALK BANKASI, A.Ş.,                  :    S6 15 Cr. 867 (RMB)
  a/k/a "Halkbank,"                         :
                                            :
                      Defendant.            :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1.    I am an Assistant United States Attorney in the office of Jay Clayton, United States Attorney for the Southern District of New York, attorney for the United States of America. I currently serve as the Co-Chief of the Illicit Finance and Money Laundering Unit. I have been one of the prosecutors principally responsible for the prosecution of the above-captioned matter. I respectfully submit this Declaration in connection with this application for an order *nolle prosequi* to dismiss without prejudice the charges filed against defendant TÜRKİYE HALK BANKASI, A.Ş., a/k/a "Halkbank" ("Halkbank") in this case.

**Procedural History**

2.    On October 15, 2019, Halkbank was charged in superseding indictment, S6 15 Cr. 867 (RMB) (the "Indictment") in six counts: (1) conspiring between approximately 2012 and 2016 to impair, impede, and obstruct the lawful and legitimate governmental functions and operations of the U.S. Department of the Treasury in the enforcement of economic sanctions laws and regulations administered by that agency, in violation of 18 U.S.C. § 371 (Count One); (2) conspiring between approximately 2012 and 2016 to violate the International Emergency Economic Powers Act ("IEEPA") and Executive Orders and regulations issued pursuant to the IEEPA, in particular, Executive Orders 1259, 13059, 13224, 13599, 13622, and 13645 and 31

1

C.F.R. Parts 560 and 561, in violation of 50 U.S.C. § 1705 (Count Two); (3) committing bank fraud between approximately 2012 and 2016, in violation of 18 U.S.C. § 1344 (Count Three); (4) conspiring between approximately 2012 and 2016 to commit bank fraud, in violation of 18 U.S.C. § 1349 (Count Four); (5) committing money laundering between approximately 2012 and 2016, in violation of 18 U.S.C. § 1956(a)(2)(A) (Count Five); and (6) conspiring between approximately 2012 and 2016 to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Six).

### The Deferred Prosecution Agreement

3.       As discussed at the conference held on March 11, 2026, on March 6, 2026, Halkbank and the Government entered into a Deferred Prosecution Agreement ("DPA").  The DPA arose from significant diplomatic and national security considerations.  As described in the DPA, President Donald J. Trump, Secretary of State Marco Rubio, and leadership within the U.S. Department of State engaged in complex, multi-faceted, and multi-lateral efforts to arrange a ceasefire between the State of Israel and Hamas.  In connection with those efforts, (i) high-level diplomatic discussions between the United States and the Republic of Turkiye were ongoing; (ii) the discussions related to addressing the October 7, 2023 attacks by Hamas, a designated foreign terrorist organization, and obtaining the release of all hostages; and (iii) in the State Department's view, a commitment by the United States to resolving the Halkbank matter on mutually agreeable terms was an important component of those diplomatic discussions.  As has been publicly reported, those diplomatic discussions between the United States and the Republic of Turkiye led to assistance from Turkiye that was instrumental in the ceasefire agreement and Hamas's commitment to release all remaining hostages. The ceasefire agreement was announced by

President Trump and other world leaders including the President of the Republic of Turkiye on October 13, 2025.

4.     The DPA requires that Halkbank "will retain the services of an anti-money-laundering and compliance expert (the 'Expert'), to be mutually agreed upon by Halkbank and the Office, to review Halkbank's U.S. sanctions compliance and anti-money-laundering policies and procedures, and its communications with all components of the U.S. Department of the Treasury ('Treasury')."  DPA ¶ 1.  The DPA further provides that the Expert "will prepare a report on Halkbank's sanctions compliance and anti-money-laundering policies and procedures related to U.S.-dollar transactions; any individual or entity designated by the United States Department of State ('State') as a Foreign Terrorist Organization; and any individual or entity designated by State, Treasury, or Executive Order as a Specially Designated Global Terrorist (the 'Compliance Report') and will submit the Compliance Report, together with any attachments, to Halkbank and to Treasury's Office of Foreign Assets Control ('OFAC'), with a copy also provided to the Office." *Id*.  Halkbank is required to "cooperate fully with the Expert in the Expert's review of Halkbank's compliance and the preparation of the Compliance Report as set forth in this paragraph, including by making officers and employees available and providing any documents, records, or information necessary, appropriate, and helpful to the Expert." *Id*.

5.     The DPA further provides that "[w]ithin 30 days of receiving the Compliance Report, Halkbank and the Office will submit a joint letter to the Court, with a request for filing under seal, regarding Halkbank's compliance programs and review, along with the proposed dismissal Order." *Id*. ¶ 2. *See also id.* ¶ 6 ("At the time of the filing of the letter described in paragraph 2, supra, the Government will move to dismiss the Indictment, with prejudice.").

3

6.      Halkbank retained Ernst Young Kurumsal Finansman Danismanlik A.S. ("EY"), EY's Turkish affiliate, as the Expert under the DPA with the Government's approval.  On May 11, 2026, following completion of EY's Review, its Report was completed and shared with the Bank, the Government, and Treasury.  Treasury is engaged, and will continue to engage, with Halkbank concerning the Compliance Report.

7.      The provision of the Compliance Report satisfies Halkbank's obligation under the DPA.  Pursuant to the DPA, the Government agreed to move to dismiss the charges in the Indictment by June 10, 2026.

### Proposed *Nolle Prosequi*

8.      The *nolle prosequi* is consistent with the agreement by the Government in the DPA and otherwise furthers significant U.S. foreign policy and national security interests, including by contributing to multilateral efforts to secure the release of the hostages and victims' remains who remained in Gaza, resolve the conflict in Gaza, and pursue a stable peace in the region.

9.      In light of the foregoing, the Government recommends that an order of *nolle prosequi* be filed as to Halkbank with respect to the charges in the Indictment, S6 15 Cr. 867 (RMB).

Michael D. Lockard
Assistant United States Attorney

Dated: New York, New York
       June 10, 2026

4

Upon the foregoing recommendation, I hereby direct, with leave of the Court, that an order of *nolle prosequi* be filed as to defendant TÜRKİYE HALK BANKASI, A.Ş., a/k/a "Halkbank," with respect to indictment S6 15 Cr. 867 (RMB).

_____
JAY CLAYTON
United States Attorney
Southern District of New York

Dated: New York, New York
       June 10, 2026

SO ORDERED:

_____
HON. RICHARD M. BERMAN
United States District Judge
Southern District of New York

June ___, 2026

5